IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) AARON RENTS, INC. d/b/a AARON SALES ) & LEASE OWNERSHIP, ) ) Defendant. ) ) | COMPLAINT<br><br>CIVIL ACTION NO. |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Ashley Alford was adversely affected by such practices.

The Complaint alleges that while employed by Defendant, Aaron Rents, Inc. d/b/a Aaron Sales & Lease Ownership ("hereinafter "Aaron Rents"), Alford was subjected to egregious sexual harassment on account of her sex by Richard Moore, the general manager of Defendant's Fairview Heights, Illinois facility. Defendant Aaron Rents was fully aware of the sexual harassment. The sexual harassment altered the terms and conditions of Alford's employment. Despite Alford's complaints, Defendant failed to take appropriate corrective action to end the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII").

      2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

      3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

      4.      At all relevant times, Defendant has continuously been a Georgia corporation doing business in the State of Illinois and the City of Fairview Heights, and has continuously had at least 15 employees.

      5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

      6.      More than thirty days prior to the institution of this lawsuit, Alford filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

      7.      Since at least October 1, 2005, Defendant has engaged in unlawful employment practices at its facility located in Fairview Heights, Illinois, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), as follows:

(a)     Defendant subjected Alford, a customer service repesentative, to unlawful sexual harassment during her employment in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).  Verbal sexually offensive comments were directed toward Alford by Defendant general manager Richard Moore on a frequent basis beginning shortly after her employment by Defendant.  Moore also touched Alford's body in a sexually offensive manner on a number of occasions and he exposed himself to her several times.  Alford complained to her direct supervisor and called the company hotline but no action was taken to end the harassment.  In October 2006, Moore sexually assaulted Alford in the Fairview Heights facility.

(b)     The unlawful conduct was unwelcome, sexual in nature, and directed at Alford because of her sex.  The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for Alford which altered the terms and conditions of her employment.

(c)     Defendant had knowledge of the sexual harassment of Alford but failed to take prompt and effective remedial action to end the harassment.

8.      The effect of the practice(s) complained of in paragraphs 7(a), (b), and (c) above has been to deprive Alford of equal employment opportunities and otherwise adversely affect their status as an employee because of her sex.

9.      The unlawful employment practices complained of in paragraphs 7(a), (b), and (c) above were intentional.

10.     The unlawful employment practices complained of in paragraphs 7(a), (b), and (c) above were done with malice or with reckless indifference to the federally protected rights of Alford.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, intimidation, unlawful constructive discharge, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Alford by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a), (b), and (c) above, in amounts to be determined at trial.

D. Order Defendant to make whole Alford by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a), (b), and (c), including emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, loss of reputation, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs 7(a), (b) and (c) above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


 /s/ Barbara A. Seely
BARBARA A. SEELY
Regional Attorney


/s/ Jan Shelly
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 7.100
St. Louis, MO  63103
314-539-7917
Facsimile: 314-539-7795
Jan.shelly@eeoc.gov