IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHLEY ALFORD, | ) | |
| | ) | |
| Plaintiff/Intervenor, | ) | |
| | ) | |
| vs. | ) | No. 3:08-MJR-DGW-683 |
| | ) | |
| AARON'S RENTS, INC., | ) | |
| RICHARD MOORE, and BRAD MARKIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON RENTS, INC. d/b/a AARON SALES | ) | |
| & LEASE OWNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for her Complaint against Defendants states as follows:

## **PARTIES**

1. At all times relevant herein, Ashley Alford was a resident of St. Clair County, State of Illinois and a citizen of the State of Illinois.

2.      At all times relevant herein, Defendant, Aaron's Rents, Inc., was a Georgia corporation with its principal place of business located at 309 E. Paces Ferry Road, N.E., Atlanta, Georgia and was and is a citizen of the State of Georgia.

3.      At all times relevant herein, Defendant, Aaron's Rents, Inc., was a corporation, duly registered to conduct business in the State of Illinois; was conducting business in the State of Illinois; and continues to transact business in the State of Illinois, including St. Clair County, Illinois.

4.      At all times relevant herein, Defendant, Richard Moore, was a resident of St. Charles County, State of Missouri and a citizen of the State of Missouri.

5.      Upon information and belief, at all times relevant herein, Defendant, Brad Markin, was a resident of the State of Missouri and a citizen of the State of Missouri.

## GENERAL ALLEGATIONS

6.      Upon information and belief, at all times relevant herein, Aaron's Rents, Inc. owned and operated within its corporate structure a division known as Aaron's Sales & Lease Ownership.  Upon information and belief, at all times relevant herein, Aaron's Sales & Lease Ownership (Aaron's Rents, Inc. and Aaron's Sales & Lease Ownership are hereafter referred to collectively as "Aaron's Sales") operated approximately 845 company-owned stores which were in the business of offering consumers the opportunity to lease-purchase or purchase various kinds of home furnishings and merchandise.

7.      At all times relevant herein, Aaron's Sales owned and operated a store located at 2035 West Highway 50, Fairview Heights, St. Clair County, Illinois, 62208.

8.      At all times relevant herein, Defendant, Richard Moore was employed by Aaron's Sales as a manager at the store located at 2035 West Highway 50, Fairview Heights, St. Clair County, Illinois, 62208 (hereafter, "Fairview Heights store").

9.      At all times relevant herein, Ashley Alford was working as an employee for Aaron's Sales at the store located at 2035 West Highway 50, Fairview Heights, St. Clair County, Illinois, 62208, and was under the direct supervision of Richard Moore.

10.     At all times relevant herein, Defendant, Richard Moore was a supervisor over Ashley Alford, had the power to directly affect the terms and conditions of Ashley Alford's employment, and was acting within the scope of his own employment with Aaron's Sales.

11.     Further, at all times relevant herein, Defendant, Richard Moore was solely responsible for the day-to-day operations of the Fairview Heights store, and based on his numerous responsibilities and his control over Ashley Alford, Richard Moore was the alter-ego of Defendant, Aaron's Sales.

12.     At all times relevant herein, Defendant, Brad Markin, was employed by Aaron's Sales as an area wide manager who supervised and controlled Defendant, Richard Moore.  Upon information and belief, Brad Markin had the obligation to supervise the working environment at the Fairview Heights store.

13.     At all times relevant herein, upon information and belief, Defendant, Brad Markin, was a supervisor over Richard Moore and the other employees of the Fairview Heights store, and had the power to directly affect the terms, conditions and working environment of all employees, including Ashley Alford, at said store.

14.     At all times relevant herein, Defendant, Brad Markin, was acting within the scope of his employment with Aaron's Sales.

15.     Further, at all times relevant herein, Defendant, Brad Markin, was responsible for the operations of the Fairview Heights Store, and based on his numerous responsibilities and his control over Defendant, Richard Moore, the store employees, the working environment and working conditions, Brad Markin was acting as the alter-ego of Defendant, Aaron's Sales.

## JURISDICTION & VENUE

16.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332(a)(1) as the amount in controversy exceeds the sum of $75,000.00 and the matter in controversy is between citizens of different states.

17.     Jurisdiction is also proper pursuant to 28 U.S.C. 1367(a) in that the claims averred herein are so related to the claims in the action brought by the EEOC, wherein this court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution

18.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of Illinois.

**COUNT I**
*(Common Law Assault)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count I of her Complaint against Defendant, Richard Moore, states as follows:

19.     Plaintiff hereby incorporates paragraphs 1 through 18 herein as though fully set forth hereunder.

20.     At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

21.     This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

22.     At about the same time as aforesaid, Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, by using degrading and inappropriate "pet" names, such as "Trixie" and "Trix."

23.     Defendant Richard Moore continued inappropriately touching Plaintiff and using degrading "pet" names for Plaintiff until October 12, 2006, the day Defendant, Richard Moore, was arrested.

24.     Ashley Alford has never been referred to as "Trixie" or "Trix" and did not authorize or consent to Richard Moore using these names to refer to her.

25.     In addition to the foregoing, during the course of Ashley Alford's employment at Aaron's Sales, Defendant, Richard Moore, purchased gift items for

Ashley Alford, including clothes and chocolate, none of which were requested by Plaintiff.  Furthermore, said gift items were not related to her employment at Aaron's Sales.

26.     Subsequent to Defendant, Richard Moore, bestowing these un-requested gifts upon Ashley Alford, Defendant, Richard Moore, demanded that Ashley Alford owed Richard Moore "sucky-sucky" in exchange for the gifts he had bestowed on her. As a result of the comments by Richard Moore, Defendant threatened circumstances which created, in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant's ability to commit an unwanted sexual advance, and by Defendant's physical size and position of authority.

27.     During the Fall of 2006, Plaintiff was sitting on the floor of a stock room while working at Aaron's Sales.

28.     While sitting on the floor, Defendant, Richard Moore, approached Ashley Alford from behind.  At that time, while Plaintiff's back was to Richard Moore, and while Plaintiff was seated on the floor in front of him, Defendant, Richard Moore, towered over Plaintiff, intentionally removed his penis from his pants and intentionally proceeded to hit Plaintiff on the top of her head with his penis.

29.     At no time did Ashley Alford ever grant Defendant, Richard Moore, consent to touch her in any of the ways mentioned herein.

30.     As a direct and proximate result of the aforesaid circumstances, Richard Moore created, in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant's ability to commit an unwanted and forceful sexual advance, and Defendant towering over her from behind, thereby committing an assault upon Ashley Alford.

31.     Thereafter, on or about October 12, 2006, Plaintiff, Ashley Alford, while performing her job duties at Aaron's Sales, was walking from the back storage area to the front of the store.

32.     On October 12, 2006, while Ashley Alford was located in a hallway area between the back storage area and front of the store, Defendant, Richard Moore, stopped Plaintiff and did intentionally and unlawfully grab Ashley Alford and forcefully throw her to the ground.

33.     At that time, while Ashley Alford was on the floor of the store, Defendant, Richard Moore, did intentionally and unlawfully use force to restrain Plaintiff against her will, and lifted Plaintiff's shirt, thereby exposing her chest.

34.     Defendant, Richard Moore, then again removed his penis and, while still holding Ashley Alford against the floor, intentionally masturbated, thereby ejaculating upon Plaintiff.

35.     At no time did Ashley Alford ever consent to any touching by Defendant, Richard Moore.  At no time was any of the intentional and unlawful conduct set forth herein justified.

36.     As a direct and proximate result of the aforesaid acts on October 12, 2006, Richard Moore created, in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant's ability to commit his unwanted and forceful sexual advances and his towering size, thereby committing an assault upon Ashley Alford.

37.     As a further direct and proximate result of the multiple assaults on Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the

7

multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Richard Moore, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT II
*(Common Law Battery)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count II of her Complaint against Defendant, Richard Moore, states as follows:

38.    Plaintiff hereby incorporates paragraphs 1 through 37 herein as though fully set forth hereunder.

39.    At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally, willfully and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

40.    This inappropriate, but willful and intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

41.     At about the same time as aforesaid, Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, by using degrading and inappropriate "pet" names, such as "Trixie" and "Trix."

42.     Defendant Richard Moore continued inappropriately touching Plaintiff and using degrading "pet" names for Plaintiff until October 12, 2006, the day Defendant, Richard Moore, was arrested.

43.     Ashley Alford has never been referred to as "Trixie" or "Trix" and did not authorize or consent to Richard Moore using these names to refer to her.

44.     In addition to the foregoing, during the course of Ashley Alford's employment at Aaron's Sales, Defendant, Richard Moore, purchased gift items for Ashley Alford, including clothes and chocolate, none of which were requested by Plaintiff.  Furthermore, said gift items were not related to her employment at Aaron's Sales.

45.     Subsequent to Defendant Richard Moore bestowing these un-requested gifts upon Ashley Alford, Defendant, Richard Moore, demanded that Ashley Alford owed Richard Moore "sucky-sucky" in exchange for the gifts he had bestowed on her. As a result of the comments by Richard Moore, Defendant threatened circumstances which created, in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant's ability to commit an unwanted sexual advance and by Defendant's physical size and position of authority.

46.     During the Fall of 2006, Plaintiff was sitting on the floor of a stock room while working at Aaron's Sales.

47.     While sitting on the floor, Defendant, Richard Moore, approached Ashley Alford from behind.  At that time, while Plaintiff's back was to Richard Moore, and while Plaintiff was seated on the floor in front of him, Defendant, Richard Moore, towered over Plaintiff, intentionally removed his penis from his pants and willfully proceeded to hit Plaintiff on the top of her head with his penis.

48.     At the time Richard Moore performed the aforesaid act, he intended to commit an unlawful and outrageous touching upon the person of Ashley Alford, without any lawful justification.

49.     Furthermore, at no time did Ashley Alford ever consent that Defendant, Richard Moore, touch her in any of the ways mentioned herein.

50.     As a direct and proximate result of the aforesaid, Richard Moore committed an unlawful and outrageous touching on the person of Ashley Alford, without any lawful justification or consent, thereby committing a battery upon Ashley Alford.

51.     Thereafter, on or about October 12, 2006, Plaintiff, Ashley Alford, while performing her job duties at Aaron's Sales, was walking from the back storage area to the front of the store.

52.     On October 12, 2006, while Ashley Alford was located in a hallway area between the back storage area and front of the store, Defendant, Richard Moore, stopped Plaintiff and did intentionally and unlawfully grab Ashley Alford and forcefully throw her to the ground.

53.     At that time, while Ashley Alford was on the floor of the store, Defendant, Richard Moore, did intentionally and unlawfully use force to restrain Plaintiff against her will, and lifted Plaintiff's shirt, thereby exposing her chest.

54.     Defendant, Richard Moore, then again removed his penis and, while still holding Ashley Alford against the floor, intentionally masturbated, thereby ejaculating upon Plaintiff.

55.     At the time Richard Moore performed the aforesaid act on October 12, 2006, he intended to commit an unlawful and outrageous touching upon the person of Ashley Alford, without any lawful justification.

56.     Furthermore, at no time did Ashley Alford ever consent that Defendant, Richard Moore, touch her in any of the ways mentioned herein.

57.     As a direct and proximate result of the aforesaid acts on October 12, 2006, Richard Moore committed an unlawful and outrageous touching of the person of Ashley Alford, without any lawful justification or consent, thereby committing a battery upon Ashley Alford.

58.     As a further direct and proximate result of the multiple acts of battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Richard Moore, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT III
### *(Negligent Hiring)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count III of her Complaint against Defendant, Aaron's Sales, states as follows:

59.     Plaintiff hereby incorporates paragraphs 1 through 58 herein as though fully set forth hereunder.

60.     At all times relevant herein, Defendant, Aaron's Sales, had a duty to hire and train individuals who were qualified to perform all the duties expected of supervisory employees.

61.     At all times relevant herein, Defendant, Aaron's Sales, had a duty to conduct background checks on potential supervisory candidates and/or to interview the same, to determine if those individuals were qualified to be supervisors of other employees.

62.     At all times relevant herein, Defendant, Aaron's Sales, had a duty to refuse employment to anyone who may have presented a danger to other employees.

63.     Ashley Alford had a right to rely on the fact that Defendant, Aaron's Sales, would perform its legally obligated duty in hiring only qualified candidates who did not pose an unreasonable risk to the employees they would be supervising.

64.     Defendant, Aaron's Sales, was negligent and breached its duty to Ashley Alford in one or more of the following ways:

a.      Defendant, Aaron's Sales, knew or in the exercise of ordinary care, should have known, that Defendant, Richard Moore, was unqualified for the position as supervisor of female employees; and/or,

b.      Defendant, Aaron's Sales, failed to take reasonable steps to determine that Defendant, Richard Moore, was unqualified for the position as supervisor of female employees; and/or,

c.      Defendant, Aaron's Sales, knew or, in the exercise of ordinary care, should have known, that hiring Defendant, Richard Moore, posed a danger to female employees who would work for him; and/or,

d.      Defendant, Aaron's Sales failed to take reasonable steps to determine that Defendant, Richard Moore, posed a danger to female employees who would work for him.

65.     As a direct and proximate result of Defendant Aaron's Sales' acts and omissions, Ashley Alford was sexually harassed, assaulted, and battered by Defendant Aaron's Sales' supervisor, Defendant, Richard Moore.

66.     As a further direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

13

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT IV
### *(Negligent Retention)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count IV of her Complaint against Defendant, Aaron's Sales, states as follows:

67.     Plaintiff hereby incorporates paragraphs 1 through 66 herein as though fully set forth herein.

68.     At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

69.     This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

70.     At about the same time as aforesaid, Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, by using degrading and inappropriate "pet" names, such as "Trixie" and "Trix."

71.     At some point in May, 2006, Ashley Alford called the sexual harassment hotline which was referenced in the employment policy handbook distributed by Defendant, Aaron's Sales.

72.     At some point after this phone call, Ashley Alford was approached by another of Defendant Aaron's Sales' supervisory employees, namely District Manager Brad Markin.

73.     District Manager Brad Markin summoned Ashley Alford into Defendant Richard Moore's office, and confronted Ashley Alford, in the presence of Defendant, Richard Moore, about her allegations of sexual harassment.

74.     Subsequent to this meeting, District Manager Brad Markin, told Defendant, Richard Moore, to "watch his back" as there had been allegations of sexual harassment made against him.

75.     Despite the allegations of sexual assault, District Manager Brad Markin did not perform an appropriate investigation of any claims nor was any action taken against Defendant, Richard Moore.

76.      Despite the allegations of sexual assault, Defendant, Richard Moore, was never properly interviewed regarding any of the alleged allegations.

77.     Despite the allegations of sexual assault, Defendant, Richard Moore, was allowed to continue his supervisory duties of Plaintiff, Ashley Alford.

78.     Despite the fact that Defendant, Aaron's Sales, had actual and constructive knowledge that sexual harassment and battery may have occurred, no proper remedial action was ever taken by Defendant, Aaron's Sales, to stop the unwarranted sexual advances of its agent and employee, Defendant, Richard Moore.

79.     At all times relevant herein, Defendant, Aaron's Sales, had a duty to Plaintiff, Ashley Alford, to ensure that all employees were fit for their position and to ensure that any who were unfit would be removed from their position.

80.     Defendant, Aaron's Sales, was negligent and breached its duty to Ashley Alford in the following ways:

a.     Defendant, Aaron's Sales, knew, or in the exercise of ordinary care, should have known, that Defendant, Richard Moore, was engaged in a continuous pattern of sexual harassment, assault, and battery and was unfit to be retained as a manager of female employees; and/or,

b.     Defendant, Aaron's Sales, failed to take appropriate steps to discover that Defendant, Richard Moore, had engaged in a continuous pattern of sexual harassment, assault, and battery and was unfit to be retained as a manager of female employees; and/or,

c.     Defendant, Aaron's Sales, knew, or in the exercise of ordinary care, should have known, that the retention of Defendant, Richard Moore, in his position as a supervisor of female employees would present a continuing danger to females, including Ashley Alford, under his supervision and control; and/or,

d.     Defendant, Aaron's Sales, failed to take reasonable steps to determine that the retention of Defendant, Richard Moore, in his position as a supervisor of female employees, would present a continuing danger to females, including Ashley Alford, under his supervision and control.

81.     As a direct and proximate result of Defendant, Aaron's Sales, acts and omissions, Ashley Alford was sexually harassed, assaulted, and battered by Defendant Aaron's Sales' supervisor, Defendant, Richard Moore.

82.     As a further direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a

supervisor in the past and may continue to suffer the same in the future;  she has suffered

a loss of enjoyment of a normal life as a consequence of her emotional injuries and she

has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her

behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of

Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT V
*(Negligent Supervision)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The

Cates Law Firm, L.L.C., and for Count V of her Complaint against Defendant, Aaron's

Sales, states as follows:

83.     Plaintiff hereby incorporates paragraphs 1 through 82 herein as though

fully set forth herein.

84.     At some point beginning in approximately November, 2005, Defendant,

Richard Moore, while employed by Aaron's Sales, began intentionally and

inappropriately touching Ashley Alford by pinching her and making uninvited advances

toward her.  This inappropriate, but intentional conduct by Defendant, Richard Moore,

escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

85.     At about the same time as aforesaid, Defendant, Richard Moore, also

began referring to Plaintiff, Ashley Alford, by using degrading and inappropriate "pet"

names, such as "Trixie" and "Trix."

86.     At some point in May, 2006, Plaintiff, Ashley Alford, called the sexual harassment hotline which was contained in the employee handbook, furnished by Defendant, Aaron's Sales.

87.     At some point after the May, 2006, phone call to the sexual harassment hotline, District Manager Brad Markin, an agent and employee of Defendant, Aaron's Sales, acting in the scope of that employment, confronted Plaintiff, Ashley Alford, at the Fairview Heights Store, in Defendant Richard Moore's office, in the presence of Defendant, Richard Moore, about whether or not she was having a problem with Defendant, Richard Moore.

88.     At no point was Plaintiff, Ashley Alford, ever contacted by any representative of Defendant, Aaron's Sales, in a private setting in which to give testimony related to the incidences of sexual harassment, assault, and battery, prior to the ultimate sexual battery that occurred in October, 2006, despite a policy in the employee handbook stating it would do so.

89.     District Manager Brad Markin, an agent and employee of Defendant, Aaron's Sales, acting in the scope of that employment, told Defendant, Richard Moore, that there had been a sexual harassment complaint lodged against him and that he should, "Watch [his] back."

90.     At all times relevant herein, Defendant, Aaron's Sales, had a duty to properly supervise all agents and employees to ensure that they were properly carrying out their responsibilities and did not pose a risk to any of Defendant Aaron's Sales' other employees.

91.     Defendant, Aaron's Sales, was negligent and breached its duty to Ashley Alford in the following ways:

a.      Defendant, Aaron's Sales, did not interview Defendant, Richard Moore, regarding any alleged occurrences of sexual harassment, despite a reporting of the same; and/or,

b.      Defendant, Aaron's Sales, by and through its agent, District Manager Brad Markin, affirmatively and actively covered up allegations of sexual harassment and assault, by telling Defendant, Richard Moore, to "watch [his] back," despite the danger Defendant, Richard Moore, posed to his female employees; and/or,

c.      Defendant, Aaron's Sales, did not suspend Defendant, Richard Moore, for any period of time so that an investigation could proceed, but rather allowed him to continue his employment; and/or,

d.      Defendant, Aaron's Sales, by its agent, District Manager Brad Markin, allowed the sexual harassment and assault to continue, despite his knowledge of same, all of which violate the duty owed to Plaintiff to properly supervise Defendant Aaron's Sales' employees and ensure that such conduct is dealt with appropriately.

92.     As a direct and proximate result of Defendant Aaron's Sales' acts and omissions, Ashley Alford was sexually harassed, assaulted, and battered by Defendant Aaron's Sales' supervisor, Defendant, Richard Moore.

93.     As a further direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered

19

a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

### COUNT VI
*(Negligent Investigating of a Sexual Harassment Claim)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count VI of her Complaint against Defendant, Aaron's Sales, states as follows:

94.     Plaintiff hereby incorporates paragraphs 1 through 93 herein as though fully set forth herein.

95.     At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

96.     This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

97.     At about the same time as aforesaid, Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, by using degrading and inappropriate "pet" names, such as "Trixie" and "Trix."

98.    Defendant, Aaron's Sales, authors an employee handbook which, on page 6, under the heading "Equal Opportunity, Discrimination and Harassment Policies," paragraph 4, states:

> "If any employee believes that he has been subjected to discrimination or harassment of any type, the employee should promptly notify the Company by calling the Non-Discrimination and Harassment Hotline [800-335-2033].  Any supervisor who becomes aware of possible discrimination or harassment must immediately advise the Company's Legal Department [678-402-3340].    All reports of discrimination, harassment, or retaliation will be investigated promptly and confidentially, to the extent possible.   The Company strictly prohibits any form of retaliation against an individual reporting an incident of discrimination or harassment brought in good faith."

99.    At some point in May, 2006, Plaintiff, Ashley Alford, called the sexual harassment hotline which was contained in the employee handbook, furnished by Defendant, Aaron's Sales.

100.    At no time, prior to the ultimate act of sexual battery which occurred in October, 2006, did any agent or contractor for Defendant, Aaron's Sales, contact Plaintiff, Ashley Alford, in a manner conducive to investigating her complaints.

101.    The only occasion on which Plaintiff, Ashley Alford, was asked about allegations of sexual harassment, prior to October, 2006, was the inappropriate confrontation orchestrated by Defendant Aaron's Sales' agent and employee, District Manager Brad Markin, while he was acting in the scope of that employment.

102.    Despite the fact that Defendant, Aaron's Sales, was aware of the sexual harassment alleged, due to District Manager Brad Markin's comments to Defendant, Richard Moore, at no time did the Defendant, Aaron's Sales, ever attempt to properly investigate this matter prior to October, 2006.

103.   At all times relevant herein, Defendant, Aaron's Sales, owed Plaintiff, Ashley Alford, a duty to investigate any and all allegations of sexual harassment swiftly and privately.

104.   Defendant, Aaron's Sales, was negligent and breached its duty to Ashley Alford in the following ways:

a.   Defendant, Aaron's Sales, did not properly track incoming phone calls reported to its sexual harassment hotline; and/or,

b.   Defendant, Aaron's Sales, did not properly maintain records of received phone calls to its sexual harassment hotline; and/or,

c.   Defendant, Aaron's Sales, did not provide call-back services or follow-up services to any employee who called the sexual harassment hotline; and/or,

d.   Defendant, Aaron's Sales, did not properly staff the sexual harassment hotline and was thus unable to deal with any incoming complaints and further pursue the same; and/or.

e.   Defendant, Aaron's Sales, did not properly train any employees working at the sexual harassment hotline and they were thus unprepared to deal with any sexual harassment complaints; and/or,

f.   Defendant, Aaron's Sales, did not interview, or did not properly interview, Defendant, Richard Moore, regarding allegations of sexual harassment; and/or,

g.   Defendant, Aaron's Sales, by its agent and employee, District Manager Brad Markin, acting in the scope of that employment, improperly questioned Plaintiff in an environment where any truthful comments made would have to be made in front of the accused; and/or,

h.   Defendant, Aaron's Sales, did not interview, or did not properly interview, Plaintiff; and/or,

i.   Defendant, Aaron's Sales, took no remedial action whatsoever regarding Plaintiff's report to the sexual harassment hotline until after October, 2006.

22

105.     As a direct and proximate result of Defendant Aaron's Sales' acts and omissions, Ashley Alford was sexually harassed, assaulted, and battered by Defendant Aaron's Sales' supervisor, Defendant, Richard Moore.

106.     As a further direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT VII
### *(Negligent Repair)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count VII of her Complaint against Defendant, Aaron's Sales, states as follows:

107.     Plaintiff hereby incorporates paragraphs 1 through 106 herein as though fully set forth herein.

108.    At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

109.    This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

110.    During the Fall of 2006, Plaintiff was sitting on the floor of a stock room while working at Aaron's Sales.

111.    On information and belief, while sitting on the floor, Defendant, Richard Moore, approached Ashley Alford from behind.  At that time, while Plaintiff's back was to Richard Moore, and while Plaintiff was seated on the floor in front of him, Defendant, Richard Moore, towered over Plaintiff, intentionally removed his penis from his pants and proceeded to hit Plaintiff on the top of her head with his penis.

112.    At no time did Ashley Alford ever grant Defendant, Richard Moore, consent to touch her in any of the ways mentioned herein.

113.    Thereafter, on or about October 12, 2006, Plaintiff, Ashley Alford, while performing her job duties at Aaron's Sales, was walking from the back storage area to the front of the store.

114.    On October 12, 2006, while Ashley Alford was located in a hallway area between the back storage area and front of the store, Defendant, Richard Moore, stopped Plaintiff and did intentionally and unlawfully grab Ashley Alford and forcefully throw her to the ground.

115.     At that time, while Ashley Alford was on the floor of the store, Defendant, Richard Moore, did intentionally and unlawfully use force to restrain Plaintiff against her will, and lifted Plaintiff's shirt, thereby exposing her chest.

116.     Defendant, Richard Moore, then again removed his penis and, while still holding Ashley Alford against the floor, intentionally masturbated, thereby ejaculating upon Plaintiff.

117.     At all times relevant herein, Defendant, Aaron's Sales, had a duty to Plaintiff, Ashley Alford, to maintain a safe working environment as the owner and operator of the store in Fairview Heights, Illinois.

118.     Defendant, Aaron's Sales, was negligent and breached its duty to Ashley Alford in the following ways:

> a.     Defendant, Aaron's Sales, allowed light fixtures in the back storage area to fall into disrepair, causing vast areas of darkness where employees could be trapped and unseen by others; and/or,

> b.     Defendant, Aaron's Sales, created a stock room which locked from the inside with opaque windows whereby an employee could be trapped and remain unseen by anyone passing by.

119.     As a direct and proximate result of Defendant Aaron's Sales' acts and omissions, Ashley Alford was sexually harassed, assaulted, and battered by Defendant Aaron's Sales' supervisor, Defendant, Richard Moore.

120.     As a further direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe

mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

<u>COUNT VIII</u>
*(Intentional Infliction of Emotional Distress)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count VIII of her Complaint against Defendant, Aaron's Sales, states as follows:

121.   Plaintiff hereby incorporates paragraphs 1 through 120 herein as though fully set forth herein.

122.   At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

123.   This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

124.   Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, as "Trixie" or "Trix," two pet names which Plaintiff had never used to refer to herself.

125.    During the Fall of 2006, Plaintiff was sitting on the floor of a stock room while working at Aaron's Sales.

126.    On information and belief, while sitting on the floor, Defendant, Richard Moore, approached Ashley Alford from behind.  At that time, while Plaintiff's back was to Richard Moore, and while Plaintiff was seated on the floor in front of him, Defendant, Richard Moore, towered over Plaintiff, intentionally removed his penis from his pants and proceeded to hit Plaintiff on the top of her head with his penis.

127.    At no time did Ashley Alford ever grant Defendant, Richard Moore, consent to touch her in any of the ways mentioned herein.

128.    Thereafter, on or about October 12, 2006, Plaintiff, Ashley Alford, while performing her job duties at Aaron's Sales, was walking from the back storage area to the front of the store.

129.    On October 12, 2006, while Ashley Alford was located in a hallway area between the back storage area and front of the store, Defendant, Richard Moore, stopped Plaintiff and did intentionally and unlawfully grab Ashley Alford and forcefully throw her to the ground.

130.    At that time, while Ashley Alford was on the floor of the store, Defendant, Richard Moore, did intentionally and unlawfully use force to restrain Plaintiff against her will, and lifted Plaintiff's shirt, thereby exposing her chest.

131.    Defendant, Richard Moore, then again removed his penis and, while still holding Ashley Alford against the floor, intentionally masturbated, thereby ejaculating upon Plaintiff.

132.    At no time did Plaintiff, Ashley Alford, ever consent to any such touching or to be called anything other than her actual name.

133.    Despite Plaintiff's attempts to stop Defendant, Richard Moore, and despite her repeated attempts to tell him that his conduct was inappropriate, Defendant, Richard Moore, continued his behavior.

134.    Based on the extreme and outrageous conduct outlined above, Defendant, Richard Moore, intentionally and recklessly intended to cause Plaintiff to suffer severe emotional distress, or should have known that such outrageous conduct would cause Plaintiff to suffer from severe emotional distress.

135.    In addition, Plaintiff attempted to contact the sexual harassment hotline provided by Aaron's Sales to its employees.  Plaintiff's call went unanswered and instead instructed her to leave a message.

136.    At some point following these phone calls, the District Manager in charge of the above-referenced store called Plaintiff and Defendant, Richard Moore, into an office.

137.    At that meeting, the District Manager, Brad Markin, advised the Defendant, Richard Moore, that there had been indications of some complaints by Plaintiff against him based on his behavior.

138.    Also at this meeting, Brad Markin, (alternatively referred to hereafter as "the District Manager") asked Plaintiff if she would care to discuss any problems she was having, while in the presence of Defendant, Richard Moore.

139.    Plaintiff, fearing repercussion from what should have been a private and confidential inquiry based on Aaron's Sales' company policy, declined to discuss any issues.

140.    The District Manager then dismissed the Plaintiff from the meeting, and allegedly told Defendant, Richard Moore, to "watch his back" because Plaintiff had made several complaints.

141.    These actions, and inactions, by the District Manager, an alter-ego of the Defendant, Aaron's Sales, amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of the Plaintiff in that the District Manger knew the Plaintiff had made complaints of sexual harassment on repeated occasions and yet failed to conduct any proper investigation into those allegations.

142.    As a direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

**COUNT IX**
*(Intentional Infliction of Emotional Distress)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count IX of her Complaint against Defendant, Brad Markin, states as follows:

143.    Plaintiff hereby incorporates paragraphs 1 through 142 herein as though fully set forth herein.

144.    At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

145.    This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

146.    Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, as "Trixie" or "Trix," two "pet" names which Plaintiff had never used to refer to herself.

147.    During the Fall of 2006, Plaintiff was sitting on the floor of a stock room while working at Aaron's Sales.

148.    On information and belief, while sitting on the floor, Defendant, Richard Moore, approached Ashley Alford from behind.  At that time, while Plaintiff's back was to Richard Moore, and while Plaintiff was seated on the floor in front of him, Defendant, Richard Moore, towered over Plaintiff, intentionally removed his penis from his pants and proceeded to hit Plaintiff on the top of her head with his penis.

149.    At no time did Ashley Alford ever grant Defendant, Richard Moore, consent to touch her in any of the ways mentioned herein.

150.    Thereafter, on or about October 12, 2006, Plaintiff, Ashley Alford, while performing her job duties at Aaron's Sales, was walking from the back storage area to the front of the store.

151.    On October 12, 2006, while Ashley Alford was located in a hallway area between the back storage area and front of the store, Defendant, Richard Moore, stopped Plaintiff and did intentionally and unlawfully grab Ashley Alford and forcefully throw her to the ground.

152.    At that time, while Ashley Alford was on the floor of the store, Defendant, Richard Moore, did intentionally and unlawfully use force to restrain Plaintiff against her will, and lifted Plaintiff's shirt, thereby exposing her chest.

153.    Defendant, Richard Moore, then again removed his penis and, while still holding Ashley Alford against the floor, intentionally masturbated, thereby ejaculating upon Plaintiff.

154.    At no time did Plaintiff, Ashley Alford, ever consent to any such touching or to be called anything other than her actual name.

155.    Despite Plaintiff's attempts to stop Defendant, Richard Moore, and despite her repeated attempts to tell him that his conduct was inappropriate, Defendant, Richard Moore, continued his behavior.

156.    Based on the conduct outlined above, Defendant, Richard Moore, intentionally and recklessly caused Plaintiff to suffer severe emotional distress as the result of the extremely outrageous conduct he engaged in.

157.     In addition, Plaintiff attempted to contact the sexual harassment hotline provided by Aaron's Sales to its employees.  Plaintiff's call went unanswered and instead instructed her to leave a message.

158.     At some point following these phone calls, the District Manager in charge of the above-referenced store called Plaintiff and Defendant, Richard Moore, into an office.

159.     At that meeting, the District Manager, Brad Markin, advised the Defendant, Richard Moore, that there had been indications of some complaints by Plaintiff against him based on his behavior.

160.     Also at this meeting, the District Manager asked Plaintiff if she would care to discuss any problems she was having, while in the presence of Defendant, Richard Moore.

161.     Plaintiff, fearing repercussion from what should have been a private and confidential inquiry based on Aaron's Sales' company policy, declined to discuss any issues.

162.     The District Manager then dismissed the Plaintiff from the meeting, and allegedly told Defendant, Richard Moore, to "watch his back" because Plaintiff had made several complaints.

163.     These actions, and inactions, by the District Manager, an alter-ego of the Defendant, Aaron's Sales, amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of the Plaintiff in that the District Manger knew the Plaintiff had made complaints of sexual harassment on repeated occasions and yet failed to conduct any proper investigation into those allegations.

164.    Based on the extreme and outrageous conduct outlined above, Defendant, Brad Markin, intentionally and recklessly intended to cause Plaintiff to suffer severe emotional distress, or should have known that such outrageous conduct would cause Plaintiff to suffer from severe emotional distress.

165.    As a direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor in the past and may continue to suffer the same in the future;  she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Brad Markin, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT X
(Intentional Infliction of Emotional Distress)

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count X of her Complaint against Defendant, Aaron's Sales, states as follows:

166.    Plaintiff hereby incorporates paragraphs 1 through 165 herein as though fully set forth herein.

167.    At some point beginning in approximately November, 2005, Defendant, Richard Moore, while employed by Aaron's Sales, began intentionally and inappropriately touching Ashley Alford by pinching her and making uninvited advances toward her.

168.    This inappropriate, but intentional conduct by Defendant, Richard Moore, escalated to intentional, unauthorized groping of Plaintiff's chest and buttocks.

169.    Defendant, Richard Moore, also began referring to Plaintiff, Ashley Alford, as "Trixie" or "Trix," two "pet" names which Plaintiff had never used to refer to herself.

170.    During the Fall of 2006, Plaintiff was sitting on the floor of a stock room while working at Aaron's Sales.

171.    On information and belief, while sitting on the floor, Defendant, Richard Moore, approached Ashley Alford from behind.  At that time, while Plaintiff's back was to Richard Moore, and while Plaintiff was seated on the floor in front of him, Defendant, Richard Moore, towered over Plaintiff, intentionally removed his penis from his pants and proceeded to hit Plaintiff on the top of her head with his penis.

172.    At no time did Ashley Alford ever grant Defendant, Richard Moore, consent to touch her in any of the ways mentioned herein.

173.    Thereafter, on or about October 12, 2006, Plaintiff, Ashley Alford, while performing her job duties at Aaron's Sales, was walking from the back storage area to the front of the store.

174.    On October 12, 2006, while Ashley Alford was located in a hallway area between the back storage area and front of the store, Defendant, Richard Moore, stopped

Plaintiff and did intentionally and unlawfully grab Ashley Alford and forcefully throw her to the ground.

175.    At that time, while Ashley Alford was on the floor of the store, Defendant, Richard Moore, did intentionally and unlawfully use force to restrain Plaintiff against her will, and lifted Plaintiff's shirt, thereby exposing her chest.

176.    Defendant, Richard Moore, then again removed his penis and, while still holding Ashley Alford against the floor, intentionally masturbated, thereby ejaculating upon Plaintiff.

177.    At no time did Plaintiff, Ashley Alford, ever consent to any such touching or to be called anything other than her actual name.

178.    Despite Plaintiff's attempts to stop Defendant, Richard Moore, and despite her repeated attempts to tell him that his conduct was inappropriate, Defendant, Richard Moore, continued his behavior.

179.    Based on the extreme and outrageous conduct outlined above, Defendant, Richard Moore, intentionally and recklessly intended to cause Plaintiff to suffer severe emotional distress, or should have known that such outrageous conduct would cause Plaintiff to suffer from severe emotional distress.

180.    In addition, Plaintiff attempted to contact the sexual harassment hotline provided by Aaron's Sales to its employees.  Plaintiff's call went unanswered and instead instructed her to leave a message.

181.    At some point following these phone calls, the District Manager in charge of the above-referenced store called Plaintiff and Defendant, Richard Moore, into an office.

182.    At that meeting, the District Manager Brad Markin advised the Defendant, Richard Moore, that there had been indications of some complaints by Plaintiff against him based on his behavior.

183.    Also at this meeting, the District Manager asked Plaintiff if she would care to discuss any problems she was having, while in the presence of Defendant, Richard Moore.

184.    Plaintiff, fearing repercussion from what should have been a private and confidential inquiry based on Aaron's Sales' company policy, declined to discuss any issues.

185.    The District Manager then dismissed the Plaintiff from the meeting, and allegedly told Defendant, Richard Moore, to "watch his back" because Plaintiff had made several complaints.

186.    These actions, and inactions, by the District Manager, an alter-ego of the Defendant, Aaron's Sales, amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of the Plaintiff in that the District Manger knew the Plaintiff had made complaints of sexual harassment on repeated occasions and yet failed to conduct any proper investigation into those allegations.

187.    As a direct and proximate result of the multiple acts of sexual harassment, assault, and battery upon Ashley Alford by Defendant, Richard Moore, Ashley Alford has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the multiple sexual assaults by Richard Moore; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, emotional distress and retaliation from co-workers and a supervisor

36

in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT XI
### *(Retaliation)*

COMES NOW Plaintiff, Ashley Alford, by her attorneys, Judy L. Cates and The Cates Law Firm, L.L.C., and for Count XI of her Complaint against Defendant, Aaron's Sales, states as follows:

188.    Plaintiff hereby incorporates paragraphs 1 through 187 herein as though fully set forth herein.

189.    When Plaintiff, Ashley Alford, began working for Defendant, Aaron's Sales, she was then attending college.

190.    Plaintiff, Ashley Alford, was told by Defendant, Aaron's Sales, that she could not continue school and be a full-time employee of Defendant, Aaron's Sales.

191.    Plaintiff, Ashley Alford, informed Defendant, Aaron's Sales, that she desired to become a manager and believed that she needed the required college degree pursuant to the rules in the employee handbook of Defendant, Aaron's Sales.

192.    Plaintiff, Ashley Alford, was told that if she did quit school, that she would be eventually promoted to manager despite the lack of a college degree.

193.    Plaintiff, Ashley Alford, thereafter did quit school, based on the representations made to her.

194.    In February, 2007, Plaintiff, Ashley Alford, reported the events described in the first ten counts of this complaint to the Equal Employment Opportunity Commission.

195.    At about that time, Defendant, Aaron's Sales, was notified of the complaint having been filed.

196.    In approximately the end of February, 2007, Plaintiff Ashley Alford's supervisor, Matt Pinkerton, confronted her about filing the complaint and told her, "You shouldn't have done that," despite a policy outlined in Defendant Aaron's Sales' employee handbook that forbids such retaliation for reporting.

197.    Plaintiff, Ashley Alford, was also told at this time that she was no longer being considered for any management positions.

198.    Plaintiff, Ashley Alford, also was ostracized from her fellow employees and her work environment made hostile to her by direct actions of her managers.

199.    As a direct and proximate result of Defendant, Aaron's Sales' retaliation against Plaintiff, Ashley Alford, by its agents and employees, Plaintiff, Ashley Alford, suffered mental anguish, distress, and loss of compensation due to her failure to be promoted.

WHEREFORE, Plaintiff, Ashley Alford, requests that judgment be entered on her behalf against the Defendant, Aaron's Sales, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

Respectfully submitted,

 /s/  Judy L. Cates
JUDY L. CATES # 00414743
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone:     (618) 277-3644
Facsimile:     (618) 277-7882
E-mail:          jcates@cateslaw.com

**Attorney for Plaintiff, Ashley Alford**

## PROOF OF SERVICE

I hereby certify that on October 2, 2008, I electronically filed a Complaint on behalf of Plaintiff/Intervenor, Ashley Alford, with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

 /s/  Judy L. Cates