**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| Plaintiff, | ) ) |
| and | ) Case No. 08-cv-0683-MJR |
| **ASHLEY ALFORD,** | ) ) ) |
| Plaintiff-Intervenor, | ) |
| v. | ) ) |
| **AARON RENTS, INC., d/b/a AARON SALES AND LEASE OWNERSHIP, RICHARD MOORE and BRAD MARKIN,** | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In September 2008, the Equal Employment Opportunity Commission ("EEOC") initiated this employment discrimination action against Aaron Rents, Inc., ("Aarons"), alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Ashley Alford was granted leave to intervene in October 2008. Alford added claims of assault, battery, various theories of negligence, intentional infliction of emotional distress, retaliation, and sexual harassment against Aarons, Richard Moore and Brad Markin.

On June 26, 2009, Magistrate Judge Wilkerson granted in part and denied in part Aarons' request for reissuance of subpoenas to La-Z-Boy Furniture Galleries and Southwestern Illinois College (Doc. 67). Specifically, Judge Wilkerson limited the scope of Aarons' subpoenas

1

pursuant to Federal Rule of Civil Procedure 45(c)(3). Dissatisfied, Aaron filed a motion for reconsideration of Judge Wilkerson's June 26 Order (Doc. 68).

**28 U.S.C. § 636** and **LOCAL RULE 72.1 OF THE SOUTHERN DISTRICT OF ILLINOIS** authorize United States Magistrate Judges to rule on all pretrial motions in accordance with the provisions of Federal Rule of Civil Procedure 72, with certain exceptions not applicable here. If a Magistrate Judge has ruled on a non-dispositive matter, any party may file for reconsideration of that ruling within ten days after issuance of the Magistrate Judge's Order. *See* **28 U.S.C. § 636; SDIL-LR 73.1(a).**

In the case at bar, Judge Wilkerson's Order was filed on June 26, and Aarons' timely appealed that Order on July 13. Accordingly, this District Judge will reconsider the matter and set aside any portion of Judge Wilkerson's Order which is clearly erroneous or contrary to law. **28 U.S.C. § 636(b)(1)(A)("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")**. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, **470 U.S. 564, 573 (1985) (quoting** *United States v. United States Gypsum Co.*, **333 U.S. 364 395 (1948))**. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co. Ltd.*, **126 F.3d 926, 943 (7th Cir . 1997)**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." *Westefer v. Snyder,* **472 F.Supp.2d 1034, 1037 (S.D.Ill. 2006) (citations omitted)**.

The question, then, is whether Judge Wilkerson's Order limiting the scope of Aarons' subpoenas was clearly erroneous or contrary to law.

Having reviewed the record, including Aarons' detailed motion for reconsideration and reply, as well as Alford's response thereto (Docs. 68, 72 and 74), the Court cannot conclude that Judge Wilkerson's ruling on the motion was clearly erroneous or contrary to law.

Even if the undersigned Judge were to conclude that certain documents were relevant and discoverable, Judge Wilkerson's view that the subpoenas were overly broad and, consequently, barred by Rule 45, is not clearly erroneous. ***Westefer,* 472 F.Supp.2d at 1037 ("[T]he reviewing court should not overturn the decision solely because it would have not chosen the other view.")**. In sum, the Court finds that Judge Wilkerson's Order granting in part and denying in part Aarons' request for reissuance of subpoenas was correct.

Accordingly, the undersigned District Judge **DENIES** Aarons' motion for reconsideration (Doc. 68) and **DECLINES TO SET ASIDE** Judge Wilkerson's June 26, 2009 Order (Doc. 67).

**IT IS SO ORDERED.**

**DATED this 30th day of July, 2009**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**