IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| ASHLEY ALFORD, | )   Case No. 3:08-cv-683 MJR ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| AARON RENTS, INC. et al., | ) ) |
| Defendants. | ) |

**ORDER**

A Discovery Dispute Hearing was held on September 15, 2009.  As announced from the Bench at that hearing, the Court **ORDERS** the following:

1. The Notices issued by Plaintiff/Intervenor to take depositions of Alisa P. Cleek; Elliott M. Friedman; J. Bruce Launey; R. Charles Loudermilk, Sr.; and Robert C. Loudermilk, Jr. are **QUASHED**.

2. Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff/Intervenor Ashley Alford may direct five (5) interrogatories to R. Charles Loudermilk, Sr.  The interrogatories must adhere strictly to the Federal Rules of Civil Procedure.  The interrogatories shall be submitted to opposing counsel by **September 21, 2009**.  Responses to the interrogatories shall be submitted by **October 19, 2009**.  Defendants shall file any objections to the interrogatories within three days of the date of service of the interrogatories.

3. The Court finds good cause for the entry of a protective order to protect the confidentiality of documents related to calls to the Aaron Rents sexual harassment hotline.  Accordingly, the Motion for Protective Order filed by Defendant Aaron Rents (Doc. 76) is **GRANTED**.  The Court will enter the proposed protective order in a separate docket entry.

4. The Motion for Extension of Time to Complete the Deposition of Plaintiff-Intervenor Ashley Alford, For an Order Instructing Plaintiff-Intervenor's Counsel to Not Make

       Coaching Objections, and to Compel Responses to Prior Deposition Questioning filed by Defendant Aaron Rents (Doc. 84) is **TAKEN UNDER ADVISEMENT**.

5. The time allowed under the federal and local rules for Plaintiffs to file a response to the Motion for Extension of Time to Complete the Deposition of Belynda Woods and for An Order Requiring Plaintiff-Intervenor's Counsel to Cease Engaging in Tactics to Delay and Impede the Taking of Depositions in This Case filed by Defendants Aaron Rents and Brad Martin (Doc. 95) has not yet run.  Accordingly, the Court will take this motion **UNDER ADVISEMENT** after Plaintiff and Plaintiff/Intervenor have responded thereto or the response time has run.

6. The Motion for Order to Admonish Plaintiff-Intervenor's Counsel to Allow All Deponents to Complete Their Answer Without Interruption and Against Taking Photographs in Connection with a Judicial Proceeding filed by Defendant Aaron Rents (Doc. 106), is **GRANTED** as to the photograph produced by Plaintiff/Intervenor's counsel at the September 15 hearing.  Plaintiff will not be allowed to use this photo in these proceedings.  All other issues raised in the motion will be **TAKEN UNDER ADVISEMENT** after Plaintiff and Plaintiff/Intervenor have responded to the motion or the time to respond has passed.

7. Regarding the disputed proposed HIPAA Qualified Protective Order, Defendant Aaron Rents shall submit an electronic copy of (in a word processing format) the proposed order reflecting the changes made by the Court at the September 15, 2009, hearing.  Defendant shall submit the proposed order by **September 18, 2009**.

8. Regarding the Plaintiff/Intervenor's objections to Aaron Rents first set of Interrogatories and Requests for Production directed to Plaintiff/Intervenor, the Court **ORDERS** the following:

    a. Plaintiff/Intervenor, to the best of her knowledge, shall respond to **Interrogatory 8** and **Request for Production 17** by **September 30, 2009**.

    b. Plaintiff/Intervenor shall respond to **Request for Production 21** by **September 30, 2009**.

    c. Plaintiff/Intervenor shall respond to **Request for Production 23**, as modified by the Court, by **September 30, 2009**.  Specifically, Plaintiff/Intervenor shall produce documents regarding civil complaints, administrative charges, or National Labor Relations Board charges filed **after January 1, 2001**.  The Court **RULES** that communications between the EEOC and Plaintiff/Intervenor are privileged.

    d. Regarding **Request for Production 48**, Plaintiff/Intervenor is **ORDERED** to produce cellular phone records dating from October 2005 to May 2007 **as quickly**

**as possible**, and **no later than September 30, 2009**.

9. Regarding the Plaintiff EEOC's responses to Aaron Rents first set of Interrogatories, the Court **ORDERS** the following:

   a. Plaintiff EEOC is ordered to supplement **Interrogatories 1, 2, 3, 7, and 8** by **September 30, 2009**. To the extent no additional responsive information exists, Plaintiff shall make that declaration in writing to Defendant Aaron Rents.

   b. **Interrogatory 9** is redrafted to read: "State each and every person with knowledge that Plaintiff made a complaint of harassment via Aarons' 1-800 Discrimination/Harassment hotline prior to October 12, 2006." Plaintiff EEOC is ordered to answer or supplement rewritten **Interrogatory 9** by **September 30, 2009**.

10. Defendant Aaron Rents is **ORDERED** to submit to Plaintiff and Plaintiff/Intervenor copies of the Interrogatories and Requests for Production in a word processing format.

11. Plaintiff and Plaintiff/Intervenor are granted until **September 25, 2009**, to file motions regarding the disputed "document dump" manner of production (raised by Plaintiff EEOC at the September 15 hearing) and privilege log (raised by Plaintiff/Intervenor Ashley Alford by letter dated August 21, 2009, and at the September 15 hearing).

12. All other remaining discovery disputes or issues shall be raised by written motion filed by **September 25, 2009**.

13. Except for actions in compliance with the orders made by the Court at the September 15, 2009, hearing, and memorialized in this Order, **ALL DISCOVERY IN THIS CASE IS STAYED UNTIL FURTHER ORDER OF THE COURT**.

**IT IS SO ORDERED.**

**DATED: September 18, 2009**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
