IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | |
| and | ) ) | |
| ASHLEY ALFORD, | ) | Case No. 3:08-cv-683 MJR |
| | ) | |
| Plaintiff/Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AARON RENTS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Currently pending before the Court is a Motion for Entry of a Protective Order filed by

Defendant Aaron Rents (Doc. 76).  This motion is **GRANTED**.

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect

discoverable, yet confidential, material from public disclosure.  The parties stipulate that confidential

information in this case will be used only for the purposes of this litigation, and that a protective

order will secure protected information from unauthorized disclosure.  The Court finds that good

cause exists for issuance of an order permitting limited disclosure of such information, and that entry

of the proposed protective order is appropriate pursuant to Federal Rules of Civil Procedure 26(c).

The Court, being fully advised and having determined that good cause exists for entry of a protective

order, **GRANTS** the motions.

       **THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

1. (A) Bell South telephone bills reflecting incoming telephone calls made to the Aaron

Rents Sexual Harassment Hotline (ARI LIT-6800 through ARI LIT-6813 and  ARI LIT-7986

through ARI LIT-7988), (B) internal Aarons Call Detail Reports of telephone calls made to the

Aaron Rents Sexual Harassment Hotline (ARI LIT-6814 through ARI LIT-6842), and (C) the

detailed underlying documents regarding complaints made through the Aaron Rents Sexual

Harassment Hotline (ARI LIT-6843 through ARI LIT-6899 and ARI LIT-7134 through ARI LIT-

7984) shall be treated as confidential, as the documents produced and referenced above contain

sensitive information relating to complaints made to Aaron Rents' Sexual Harassment Hotline by

individuals not parties to this action, including the names and telephone numbers of individuals who

complained, as well as information related to the contents of their complaints.  The requested

Protective Order is necessary to avoid producing a "chilling effect" on individuals not parties to this

action who may become less inclined to contact Aaron Rents' Sexual Harassment Hotline in the

future if such information is not treated as confidential.  The documents described above are to be

treated by each party receiving the discovery as confidential and shall be utilized by each party only

for the prosecution or defense of this litigation and for no other purpose.

2.      This Order is binding upon the parties hereto, their agents and employees, all counsel

for the parties and their agents and employees, and all persons to whom disclosure of discovery

materials or testimony pursuant to the terms hereof is made.  This Order, insofar as it restricts the

communication and use of confidential documents, shall continue to be binding throughout and after

the conclusion of this litigation, including all appeals.

3.      Upon final termination of this action, the receiving parties shall assemble and allow

for the retrieval of the documents by counsel for Aarons all documents and materials subject to this

Order, including all copies of such documents and materials.

4.      If any person having access to Confidential Information shall violate this Order, he

or she shall be subject to sanctions by the Court.

5.      This Order shall remain in full force and effect until such time as it is modified,

amended or rescinded by the Court or until such time as the parties may petition the Court to

modify or amend its terms as the scope of discovery dictates.

**DATED:  September 18, 2009**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**