**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| ASHLEY ALFORD, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) Case No. 08-CV-0683-MJR |
| AARON RENTS, INC. d/b/a AARON SALES AND LEASE OWNERSHIP, RICHARD MOORE, AND BRAD MARTIN, | ) ) ) ) |
| Defendants. | ) ) |

## CONSENT DECREE

**REAGAN, District Judge:**

### Introduction

The Equal Employment Opportunity Commission ("EEOC") instituted this action alleging that Aaron Rents, Inc. d/b/a Aaron Sales and Lease Ownership ("Aaron"), subjected Ashley Alford ("Alford") to sexual harassment by her General Manager, Richard Moore, while she was employed at its Fairview Heights store, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). Alford intervened in the lawsuit, adding Richard Moore and his supervisor, Brad Martin, as individual defendants, alleging that Aaron retaliated against Alford in violation of Title VII, and raising several state tort claims.

For purposes of settlement and compromise only, and with no admission of liability by Defendant Aaron Rents, Inc., Aaron and the EEOC have advised the Court that they wish to resolve the instant controversy between them without the expense, delay, and burden of further litigation;

**THEREFORE**, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (a) this Court has jurisdiction over the parties to and the subject matter of this action; (b) the requirements of Title VII will be carried out by the implementation of this Decree (c) this Decree is intended to and does resolve all matters in controversy between the EEOC and Aaron in this lawsuit; and (d) the terms of this Decree constitute a fair and equitable settlement of all issues between the EEOC and Aaron in this lawsuit.

Accordingly, the Court **ORDERS** as follows:

### I. General Provisions

1.  Aaron shall not discriminate against any employee by subjecting an employee to sexual harassment at any site of business owned and/or operated by Aaron in the St. Louis Region as it exists on January 1, 2010.

2.  Aaron shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII, (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefitted or will benefit in any way as a result of this Consent Decree.

## II. Policies, Training & Reporting

3.      Within 120 days of the Court's entry of the Consent Decree, Aaron shall cause all of its general managers employed in the St. Louis Region as it exists on January 1, 2010, to attend three hours of employment discrimination training including, but not limited to, training on sexual harassment.  As part of this training, each manager shall be instructed that he or she must fully comply with Aaron's employment non-discrimination policy and must promptly report to its Vice-President Employee Relations any and all complaints alleging employment discrimination, and that failure to do so will result in discipline up to and including termination. This training shall emphasize that any and all conduct that may constitute employment discrimination or retaliation shall be grounds for immediate discipline, including demotion and termination, and that each manager who violates his or her obligations under the policy may be subject to immediate discipline, including demotion and/or termination.

4.      Within 60 days of the Court's entry of the Consent Decree, an outline and description of the training and the training materials shall be provided to Jan Shelly, Senior Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO  63103.

5.      Within 120 days of the date of hire or promotion, Aaron shall cause each newly hired or newly promoted general manager in the St. Louis Region as it exists on January 1, 2010**, t**o view a videotape of the three hours of employment discrimination training referenced in paragraph 3.

6.       Within 120 days of the Court's entry of the Consent Decree, Aaron will add a new employee to the Employee Relations Department who will also be responsible for handling  calls from the hotline referenced in its non-discrimination policy.  During the hours of 9:00 a.m. to 6:00 p.m., calls placed to this hotline will be answered live by an employee of the Employee

Relations Department as opposed to an answering machine, except in limited circumstances where business needs dictate otherwise.

7.      Within 120 days of the Court's entry of the Consent Decree, Aaron will mail a letter to all employees on Aaron, Inc.'s, letterhead, signed by its Vice-President Employee Relations, describing the policies and procedures for use of the hotline referenced in its non-discrimination policy and explaining policies and procedures for employees' use of the hotline.  The letter will explain that each caller will speak live to an employee of the Employee Relations Department when calling to complain about harassment or discrimination between the hours of 9:00 a.m. and 6:00 p.m., except under limited circumstances when business needs dictate otherwise, and that Aaron will not retaliate against any employee who calls the hotline.

8.      Within 90 days of the Court's entry of the Consent Decree, Aaron will mail a copy of the letter to Jan Shelly, Senior Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO  63103 for review.

9.      For the duration of the Consent Decree, Aaron shall maintain records of any and all complaints of sexual harassment in the St. Louis Region as it exists on January 1, 2010, that are made to Aaron's hotline designated in its non-discrimination policy, including all information provided by the caller regarding his/her complaint, all documents showing Aaron's investigation of the complaint and the results of the investigation.  Every six months for the duration of this Consent Decree, Aaron shall produce reports to the EEOC about all sexual harassment complaints received pertaining to employees/stores in the St. Louis Region as it exists on January 1, 2010, which will include the following information:  job title of caller, nature of the complaint, a summary of the company's investigation efforts and a summary of the resolution of the complaint.   These reports will be sent to Jan Shelly, Senior Trial Attorney, Equal

Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO 63103.

### III. Reporting and Monitoring

10.     Within seven months of the entry of the Consent Decree, Aaron shall provide written notice to the EEOC of compliance with the requirements set forth in Paragraphs 3 and 6 of the Consent Decree to Jan Shelly, Senior Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO 63103.

11.     For the duration of the Consent Decree, Aaron shall allow representatives of the EEOC to enter on Aaron's premises and review documentation to assure compliance with the Consent Decree. This request shall be limited to documentation pertaining to the reports referenced in paragraph 9 above. Review of compliance shall be initiated by written notice to the attorney of record for Aaron so that he/she receives notice at least 10 business days in advance of any inspection. Aaron has the right to have its attorney of record present during any inspection, which shall occur where the records are kept in the normal course of business.

12.     The EEOC agrees to give Aaron at least 30 business days to cure, correct, remedy or appropriately address any violation of the Consent Decree alleged by the EEOC. If Aaron cures, corrects, remedies or appropriately addresses any alleged violation of the Consent Decree or demonstrates that no violation occurred, the EEOC will not take any court action on the violation. If the EEOC still contends that Aaron is in violation of the Consent Decree, the EEOC will allow Aaron an additional 10 business days from being notified of same to cure, correct, remedy or address the alleged violation.

## V. Term and Effect of Decree

13. By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination other than the charge filed by Ashley Alford that created the jurisdictional foundation for the Complaint filed in this case.

14. This Consent Decree shall be binding upon the parties hereto, their successors, and assigns.

15. This Consent Decree shall be in force for a period of two years.

16. During the Consent Decree's term, the Court shall retain jurisdiction of this case for purposes of enforcement of the Consent Decree. The term of the Consent Decree can be extended only upon a showing that Aaron has substantially failed to comply with a material term of the Consent Decree after having been given notice of any failure to comply and a reasonable opportunity to correct any noncompliance.

17. Each party shall bear its own costs.

        **IT IS SO ORDERED.**

        **DATED this 29th day of December, 2009**

        s/Michael J. Reagan
        **MICHAEL J. REAGAN**
        **United States District Judge**

BY CONSENT

FOR EEOC:

/s/Barbara A. Seely
BARBARA A. SEELY
Regional Attorney

/s/Jan Shelly
JAN SHELLY
Senior Trial Attorney
EEOC-St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
 (314) 539-7918 (Telephone)
 (314) 539-7895 (Facsimile)


FOR DEFENDANT AARON RENTS, INC.


Alisa P. Cleek (with consent)
ALISA P. CLEEK
RICHARD  ESCOFFERY
ELLIOTT FRIEDMAN
Elarbee, Thompson, Sapp & Wilson, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718