## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ASHLEY ALFORD,** ) | |
| ) | |
| Intervenor Plaintiff ) | |
| ) | Case No.:08-cv-683 MJR/DGW |
| v. ) | |
| ) | |
| **AARON RENTS, INC. D/B/A** ) | |
| **AARON SALES AND LEASE** ) | |
| **OWNERSHIP, RICHARD MOORE AND** ) | |
| **BRAD MARTIN** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On January 19, 2010, this Court appointed Professor Bill B. Dorothy as Pretrial Master in this action pursuant to Fed. R. Civ. P. 53(a)(1)(c). The Pretrial Master was directed to proceed with all reasonable diligence and (1) review all disputed discovery; (2) recommend disposition of all pending discovery motions; and (3) determine whether sanctions are appropriate against any party based upon his or her conduct during the discovery process. On May 17, 2010, the Pretrial Master issued his Report and Recommendations (Doc. 184). Pursuant to Fed. R. Civ. P. 53(f), the Court entered an order granting the parties 21 days in which to file objections to the Report and Recommendations (Doc. 185).

On June 7, 2010, the Plaintiff-Intervenor Ashley Alford and Defendant Aaron Rents filed a Joint Response to the Special Master's Report and Recommendations (Doc. 186).[1] In that report the parties accepted the Pretrial Master's recommendations regarding disputed discovery and

---

[1] On June 7, 2010, Defendant Richard Moore filed a document adopting the Joint Response to the Special Master's Report (Doc. 187).

regarding the disposition of pending discovery motions. The parties jointly made objections to the Special Master's findings regarding impositions of sanctions under Fed. R. Civ. P. 37.

Having considered the Master's recommendations *de novo*, the Court **ADOPTS** the Pretrial Master's Report in **PART**.[2] Specifically, the Court **ADOPTS** the recommendations regarding disputed discovery and the disposition of pending discovery motions. The Court will issue a separate Report and Recommendation to the District Court on the objections made by the parties on the issue of sanctions.

For the reasons stated in the Report and Recommendation of the Special Master the Court **ORDERS** the following:

1. Defendant Aaron Rents, Inc.'s Motion for Time to Complete the Deposition of Plaintiff-Intervenor Ashley Alford, for an Order Instructing Plaintiff-Intervenor's Counsel to Not Make Coaching Objections, and to Compel Responses to Prior Deposition Questioning (**Doc. 84**) is **GRANTED IN PART**. Plaintiff's deposition, after production of medical history, health insurance providers, employment and salary history from employers, and tax records, should be extended by two hours. Plaintiff-Intervenor's objections to questioning about disciplinary problems in school does not require invasion of FERPA-privileged material and therefore are **DENIED**.

2. Defendant Aaron Rents, Inc. and Brad Martin's Motion for Extension of Time to Complete the Deposition of Belynda Woods and for an Order Requiring Plaintiff-Intervenor's Counsel to Cease Engaging in Tactics to Delay and Impede the Taking of Depositions in this Case

---

[2] Under Fed. R. Civ. P. 53(f) a Master's findings of fact and conclusions of law are subject to *de novo* review. *See also Cook v. Niedert*, 142 F.3d 1004, 1009-10 (7th Cir. 1998).

   (**Doc. 95**) is **GRANTED**.  Belynda Woods' deposition will be extended by one hour.

3.  Defendant Aaron Rents, Inc.'s Motion for an Order to Admonish Plaintiff-Intervenor's Counsel to Allow All Deponents to Complete Their Answers Without Interruption, and Against Taking Photographs in Connection with a Judicial Proceeding (**Doc. 106**) is **DENIED**.  Counsel are forewarned that any witness coaching, speaking objections, uncivil behavior, interruptions of witnesses, or efforts to delay either deposition will result in sanctions.  Further it is **ORDERED** that the Special Master shall be present at these depositions to report to the Court any such behavior.

4.  Ashley Alford's Motion to Compel Responses to Plaintiff-Intervenor's First Request for Production of Documents to Brad Martin (**Doc.124**);

5.  Ashley Alford's Motion to Compel Responses to Plaintiff-Intervenor's Second Request for Production to Aaron Rents, Inc. (**Doc.125**);

6.  Ashley Alford's Motion to Compel Responses to Plaintiff-Intervenor's Third Request for Production (**Doc. 126**);

7.  Ashley Alford's Motion to Compel Responses to Plaintiff-Intervenor's Fourth Request for Production (**Doc. 134**); and

8.  Ashley Alford's Motion to Compel Responses to Plaintiff-Intervenor's Fifth Request for Production (**Doc. 135**) are all **DENIED**.  Within fifteen days of this order, the parties are specifically **ORDERED** to meet and confer to create a listing of all extant document requests and undertake serious efforts to resolve the outstanding issues. Defendants shall identify any document not produced premised upon its "specific request objections," excepting those based upon a privilege that has been included in the privilege log.  Upon

notification from the parties regarding the outcome of this process, the Court will set a time to review and hear arguments on Defendants' objections. All the requested documents, with the exception of privileged documents, shall be present at that review, even those not produced due to objections.

9. Plaintiff's Motion to Require Defendants Aaron Rents, Inc. and Brad Martin to Provide a Privilege Log that Satisfies Rule 26 (**Doc. 130**) is **GRANTED**. Defendants shall resubmit their privilege logs in accordance with the Seventh Circuit document-by-document standard within 15 days of this order. Defendants' privilege logs must, at a bare minimum, consist of the following information: (1) the name and job title or capacity of the author(s)/originator(s); (2) the names of all people who received the document or a copy of it and their affiliation with the party producing the document; (3) a general description of the document by its type; (4) the document's date; and (5) a general description of the document's subject matter. The document-by-document listing requires that each separate document be isolated and include the required privilege log information.

10. Ashley Alford's Motion to Compel Responses to Plaintiff-Intervenor's First and Second Requests for Production of Documents to Richard Moore (**Doc. 136**) is **GRANTED**. Defendant Moore's privilege log shall be reformatted to conform to the standards set forth above for privilege logs. Defendant Moore **SHALL** furnish the requests within thirty days. Defendant Moore's counsel, Greg Roosevelt, is **ORDERED TO SHOW CAUSE IN WRITING** within 15 days of this order why he failed to comply with Plaintiff-Intervenor's requests. Counsel is reminded that failure to satisfy any of the three Rule 37 exceptions, requires the court to order him to pay Plaintiff-Intervenor's reasonable expenses sustained

        as a result of their making the motion.

11.    Ashley Alford's Joint Motion to Compel Production of All Electronic Images from Security Cameras (**Doc. 129**) is **GRANTED in part**. Plaintiff has met the certification requirements of Rule 37. Plaintiff's Motion to Compel Request for Production No. 8 is granted to the extent of a modified version of the request reading: "Those documents relating to audio or video recordings, audio recordings, or video recordings related to the allegations in Plaintiff's Complaint that occurred between November 2005 and October 12, 2006." If Defendants claim any of the content sought to be received under Request for Production No. 8 is subject to the attorney-client privilege, work product doctrine, or other privilege, then they must submit that in their privilege log that shall be in compliance with the standards for privilege logs set forth above. Plaintiff's Motion to Compel Request for Production No. 49 shall be fully granted. The video tapes Martin watched with respect to Alford's sexual assault allegation that can be found at Aaron Rents home office shall be produced to Plaintiff-Intervenor within 15 days of this order. Defendants' defense that they do not have to produce what they do not have is contrary to Vanessa Adams's instruction to preserve everything. This footage shall be required to be produced from the digital copy Camera 2 created. If it cannot be produced because it does not exist, a competent representative of Aaron Rents will provide an affidavit with factual detail as to attempts to locate the missing digital recording and cameras. Plaintiff-Intervenor's requests for costs and attorneys fees for the taking of depositions and the filing of this motion is **GRANTED**. Plaintiff shall submit a bill of costs to this Court within 15 days of this order.

12.    Ashley Alford's Joint Motion to Compel Document Production Compliant with Rule 34

(**Doc. 132**) is **MOOT**. The Court is without sufficient evidence to rule, however, Defendant Aaron Rents is **ORDERED** to file an affidavit of a person with knowledge of how these documents were produced with the Court within 15 days of this order stating whether the documents in question were produced from a storage facility or from its business. If the documents were produced from a storage facility, then Defendants have a duty to organize and label them. If the documents were produced from its business, then Defendants have sufficiently complied with Rule 34.

13. Ashley Alford's Joint Motion to Compel by Equal Employment Opportunity Commission (**Doc. 127**) is **DENIED**.

14. Plaintiff-Intervenor's Motion To Strike Declarations of Counsel for Defendants (**Docs. 142 & 158**) and Plaintiff-Intervenor's Motion To Strike Declarations of Vanessa Adams (**Doc. 156**) are **GRANTED**. All declarations made by Defendants' Counsel and Adams are inconsistent with the Local Rules of this Court. The Clerk of the Court is **DIRECTED** to **STRIKE** these declarations (Docs. 142, 158 and 156).

15. The Pretrial Master is **ORDERED** to submit a Bill of Costs to the Court reflecting the number of hours spent performing his duties, including, but not limited to, time spent reviewing documents and discovery materials, researching relevant legal issues, and preparing the Report and Recommendations. Additionally, the Pretrial Master is **DIRECTED** to include a recommendation as to how those costs should be apportioned among the parties. After the Pretrial Master submits his Bill of Costs, the Court will grant the parties the opportunity to object prior to the court taxing costs upon the parties.

16. The parties are hereby **ORDERED** to meet and confer and to submit a Revised Proposed

      Scheduling Order for any discovery remaining in this case.  This scheduling order shall be submitted to the Court within 15 days of this order.

17.    The Pretrial Master made extensive findings and recommendations regarding sanctions under Fed. R. Civ. P. 37.  In that this Court believes it is without the power to issue said recommended sanctions, as stated above, a separate Report and Recommendation will be made to the district judge on the issue of sanctions.

**DATED: July 8, 2010**

          <u>*s/ Donald G. Wilkerson*</u>
          **DONALD G. WILKERSON**
          **United States Magistrate Judge**