# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ASHLEY ALFORD, ) ) ) | |
|     Intervenor Plaintiff ) ) | No. 3:08-cv-683 MJR-DGW |
| v. ) ) | |
| AARON RENTS, INC. D/B/A ) AARON SALES AND LEASE ) OWNERSHIP, RICHARD MOORE AND ) BRAD MARTIN ) ) ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATIONS

Pending before the Court is the Special Master Bill B. Dorothy II's Report and Recommendations regarding attorney sanctions. Pretrial matters have been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a). It is **RECOMMENDED** that the Court accept the Report and Recommedation of the Special Master that Defendant Aaron Rents' Counsel, Alisa Cleek, personally pay a sanction to the Clerk of the Court of the Southern District of Illinois of three thousand seven hundred fifty dollars ($3,750.00) within sixty (60) days of this Court's order. It is further **RECOMMENDED**, pursuant to the Special Master's Report and Recommendation that Plaintiff-Intervenor's Counsel, Judy Cates, personally pay a sanction to the Clerk of the Court of the Southern District of Illinois of three thousand seven hundred fifty dollars ($3,750.00) within sixty (60) days of this Court's order. It is **RECOMMENDED** that these funds be placed into the District Court Fund to be used to benefit the administration of justice in this district.

## FINDINGS OF FACT

### PROCEDURAL HISTORY

After many discovery disputes, the Court appointed Professor Bill B. Dorothy II, an ethics Professor at Washington University Law School, as a Pretrial Master pursuant to Rule 53 of the Federal Rules of Civil Procedure (Doc. 179). The Court will not repeat the facts of those disputes here; they are described in detail by the Special Master in his Report and Recommendations (Doc. 184) and are incorporated by reference herein. The Court previously adopted the recommendations of the Special Master with regard to outstanding discovery disputes and issued an order on those pending motions and issues (Doc. 195).

### CONCLUSIONS OF LAW

The only remaining issue before the Court is whether the Attorneys Alisa Cleek and Judy Cates should be personally sanctioned by the Court based upon their unprofessional conduct throughout the litigation, their failure to follow the Court's discovery rulings, and their violations of the Illinois Rules of Professional Conduct. In its prior order on the Pretrial Master's Report and Recommendations, the Court reserved ruling on the issue of attorney sanctions because the law of this circuit does not allow a magistrate judge to issue an order on sanctions. *Retired Chicago Police Association v. City of Chicago, et.al.*, 76 F.3d 856,869 (7th Cir. 1996) (a request for sanctions is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendations de novo.)

For the reasons, thoroughly and exhaustively set forth in the Special Master's Report and Recommendations (Doc. 184, pp. 6-16) this Court **RECOMMENDS** that Defendant Aaron Rents'

Counsel, Alisa Cleek, personally pay a sanction to the Clerk of the Court of the Southern District of Illinois of three thousand seven hundred fifty dollars ($3,750.00) within sixty (60) days of this Court's order. Further, this Court **RECOMMENDS** that Plaintiff-Intervenor's Counsel, Judy Cates, personally pay a sanction to the Clerk of the Court of the Southern District of Illinois of three thousand seven hundred fifty dollars ($3,750.00) within sixty (60) days of this Court's order. Finally, the Court **RECOMMENDS** that these funds be placed into the District Court Fund to be used to benefit the administration of justice in this district.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 22, 2010**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**