IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD, | ) ) ) ) |
| Plaintiff | ) ) No.:08-cv-683 MJR/DGW |
| v. | ) ) ) |
| AARON RENTS, INC. D/B/A AARON SALES AND LEASE OWNERSHIP, RICHARD MOORE AND BRAD MARTIN | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Although familiarity with the protracted procedural history of this litigation is presumed, a brief summary of the procedural history relevant to this order follows.  On January 19, 2010 this Court appointed Professor Bill B. Dorothy of Washington University School of Law as Pretrial Master in this action pursuant to Fed. R. Civ. P. 53(a)(1)(C) (Doc. 179).  The Pretrial Master was directed to proceed with all reasonable diligence and (1) review all disputed discovery; (2) recommend disposition of all pending discovery motions; and (3) determine whether sanctions were appropriate against any party based upon his or her conduct during the discovery process.  On May 17, 2010, the Pretrial Master issued his Report and Recommendation.  On July 8, 2010, the Court adopted the Pretrial Master's Report in part. (Doc. 195).  Subsequently on July 22, 2010, the Court issued a separate Report and Recommendation (Doc. 196) to the District Court on the issue of sanctions.  On August 5, 2010, Plaintiff Ashley Alford and Defendant Aaron Rents filed objections to the Report and Recommendation (Docs. 204 and 205).  Those objections are now pending before

the District Court. On August 17, 2010, this Court ordered the Special Master to to supplement the Bill of Costs with a recommendation of an hourly billing rate for his services (Doc. 208). The Court gave the parties 21 days from the submission of the Master's Supplemental Bill of Costs to file objections to both the Bill of Costs and Supplemental Bill of Costs. On August 20, 2010, the Special Master supplemented his bill of costs (Doc. 209).

On September 1, 2010, the Special Master forwarded a letter to the Court received from Judy Cates, attorney for Plaintiff Ashley Alford. See Exhibit 1 attached hereto. This letter seeks discovery from the Special Master regarding his work in preparing his report and recommendations to this Court.

### LEGAL STANDARDS

It is well settled that a judge is not subject to examination of the process by which he or she reaches his or her conclusions. *United States v. Morgan*, 313 U.S. 409, 422 (1941); *Feller v. Board of Education*, 583 F.Supp. 1526, 1528 (D.Conn. 1984). "Although judicial officials do not enjoy immunity from subpoena and can be subjected to discovery requests, it is clear that such officials while performing their decision-making processes are not generally subject to discovery." *Beam v. Department of the Air Force*, 169 F.R.D. 309, 310 (D.Md. 1996) (citation omitted). "In many instances, the party seeking the discovery has access to the sought after information through alternative sources. In other instances, the information is cumulative, unnecessary, or does not lead to the discovery of admissible evidence." *Id*. "Should a judge be vulnerable to subpoena as to the basis of every action taken by him [or her], the judiciary would be open to frivolous attacks upon its dignity and integrity, and interruption of its ordinary and proper functioning." *United States v. Dowdy*, 440 F.Supp. 894, 896 (W.D.Va. 1977) (citations and internal quotations marks omitted).

Thus, "courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions absent extreme and extraordinary circumstances." *Id.* (numerous citations omitted). Mere allegations of bias "will not justify intrusion into the mental processes of a hearing officer." *McGoldrick v. Koch*, 110 F.R.D. 153, 156 (S.D.N.Y. 1986) (citations omitted). "[A] party must present a more specific evidentiary basis." *Id.* In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), the court indicated that such an examination of an administrative decision-maker would be permitted, where administrative findings existed, only with a strong showing of bad faith or improper behavior. Following this principle, courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions absent extreme and extraordinary circumstances.

## DISCUSSION

Applying these principles, as Special Master, Professor Dorothy serves in a judicial capacity and it is inappropriate to subject him to an examination of his mental processes. *See Gary W. v. State of Louisiana, Department of Health and Human Resources*, 861 F.2d 1366, 1369 (5th Cir.1988). *See also In re Gilbert*, 276 U.S. 6, 9, 48 S.Ct. 210, 72 L.Ed. 441 (1928) (observing that accepting appointment as a special master means assuming "the duties and obligations of a judicial officer"); *York Int'l Bldg., Inc. v. Chaney*, 527 F.2d 1061, 1068 (9th Cir.1975) (noting the "well established principle" that special masters administering bankruptcy estates "are not acting as private persons, but as officers of the court"). "Oral examination of a judicial or quasi-judicial officer as to matters within the scope of his adjudicative duties should be permitted only upon a strong showing of bad faith or improper behavior." *Cobell v. Norton,* 237 F.Supp.2d 71, 100 (D.D.C. 2003).

This Court finds that Professor Dorothy as Special Master is not subject to discovery of his

mental processes. Further, the Court notes that Alford asks for Westlaw receipts, charts and a broad request of "any other documents . . . that might be helpful." To the Court, this is evidence of the same obstructive behavior that required the appointment of the Special Master. The Court finds it ironic that now that Plaintiff has to pay the Special Master there is great concern regarding the amount of time that was spent on the this matter. The Plaintiff demonstrated no such angst when she and Defendants abused the judicial process by filing thousands of pages of textual documents requiring the Court and staff to spend a disproportionate amount of time on what might be considered a "routine" Title VII claim. *See* Report and Recommendations of the Special Master, (Doc. 184 p.4 of 59). Just as the Plaintiff is not entitled to inspect the Court's records, she is not entitled to inspect the records of the Special Master.

Additionally, Plaintiff cannot argue that she is prejudiced in some manner by not obtaining the requested material because the requested material is unnecessary. The Special Master set out the hours he worked on this matter in a detailed billing statement similar to the billing statements of a large law firm. The statement is broken down by task and time spent on that task. If Plaintiff wishes to challenge the detailed billing statement, she is free to do so by filing objections with the Court. The Special Master also performed a detailed survey and analysis of the standard by which he recommended a billing rate to the Court. That survey covered rates charged by partners at several large law firms in the St. Louis Metropolitan area.[1] Again, if Plaintiff wishes to challenge the Special Master's survey she is free to do so by providing her own information to the Court. It was an improper *ex parte* contact for Plaintiff to make such a request by letter to the Special Master.

---

[1] The Court's Order appointing the Special Master stated that he would be compensated at a rate commensurate with a senior litigation counsel in the St. Louis metropolitan area.

Absent a showing by the Plaintiff that there is some evidentiary basis for the material she requested, the Court finds that there is no basis in law that requires the Special Master to produce the requested information. Thus the Court **ORDERS** that the request to the Special Master be **QUASHED**. The Special Master is **ORDERED** not to produce the information absent an order from this Court. The Plaintiff is **INSTRUCTED** that any requests to the Special Master for "discovery" should be filed with this Court, not via letter to the Special Master. Plaintiff is **WARNED** that any such requests must be for good cause shown.

**IT IS SO ORDERED.**

**DATED: September 2, 2010.**

                                                s/ *Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**