IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD,<br><br>    Plaintiff,<br><br>v.<br><br>AARON RENTS, INC. D/B/A<br>AARON SALES AND LEASE<br>OWNERSHIP, RICHARD MOORE AND<br>BRAD MARTIN<br><br>    Defendants. | No. 3:08-cv-683 MJR-DGW |

## ORDER

Before the Court is a Motion to Compel Plaintiff-Intervenor to Submit to a Second, Eight Hour Day of a Mental Examination Pursuant to Fed. R. Civ. P. 35 and for Other Relief (Doc. 233) filed by Defendant Aaron Rents, Inc.'s ("Aaron Rents"). For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### DISCUSSION

On November 29, 2010, the Court held a telephonic discovery dispute conference in this matter. Defendant raised an oral motion for a Psychological Examination of Plaintiff Ashley Alford pursuant to Fed. R. Civ. P. 35. The Court granted the Defendant's motion and ordered that the examination proceed before Dr. Michael E. Althoff, Ph.D. in Carbondale, Illinois. Over Defendant's objection, the Court limited the examination to only one day from 8:30 a.m. to 5:00 p.m. The Court directed the parties to contact the Court if Dr. Althoff required more time for the examination.

Defendant contacted the Court indicating that Dr. Althoff required a second day for examination of Plaintiff Ashley Alford. The Court held a telephonic conference on this issue on January 7, 2011. The Court did not make a decision regarding a second day at the conference, but allowed the parties to file briefs on the issue.

At the January 7, 2011, conference, the Plaintiff objected to the Defendant's request that Plaintiff be required to complete extensive Family History Questionnaires provided to her by Dr. Althoff. The Court ordered Defendant to produce a copy of the questionnaires for the Court's *in camera* review. Defendant provided the Court with three questionnaires, a medical profile questionnaire (20 pages), a forensic history questionnaire (14 pages) and a followup forensic history questionnaire (14 pages).

*Continuation of the Mental Examination*

A court may order a physical or mental examination based upon a showing of good cause. Fed. R. Civ. P. 35(a)(2)(A). In its previous order, the Court already determined that Plaintiff placed her mental status at issue in the case and found good cause for the Rule 35 examination (Doc. 223). Rule 35(a) provides no guidance regarding the number of exams allowed under the rule, but the Court notes that it also does not place any limitations upon the number of exams. Rule 35(a)(2)(B) specifically allows the Court to determine the "manner, conditions and scope of the examination" under the rule.

Defendant Aaron Rents argues that Dr. Althoff requires a second day of examination with Plaintiff Ashley Alford in order to properly follow up on his previous testing and assessment. The Court had the opportunity to question Dr. Althoff himself at the January

7, 2011, conference. Dr. Althoff explained to the Court that his session with the Plaintiff had been pleasant, that she displayed no agitation, and she was cooperative. Dr. Althoff stated to the Court that in order to conduct a complete and fair examination, more than one session is necessary to allow the examiner to score tests and evaluate responses between sessions, and after such evaluation follow up as necessary in a second session.

In response (Doc. 235), Plaintiff contends that during the examination Dr. Althoff acted with impropriety by using coercive questioning techniques, intimidating behavior, and attempting to inappropriately invade the attorney-client privilege. Plaintiff claims she felt pressured and intimidated and was distraught during the lunch break. Dr. Althoff described no such behavior and in fact, stated to the Court that the session had been pleasant and not out of the ordinary.

Based upon the information presently before the Court, the Court, in its discretion, finds good cause to order a second day of mental evaluation by Dr. Althoff of Plaintiff Ashley Alford. Thus, the request of Defendant Aaron Rents for a second day of examination is **GRANTED.**

*The Questionnaires*

The Court has examined the three questionnaires submitted by Defendant *in camera*. The Court begins by noting that the forms appear to be prepared by someone other than Dr. Althoff, and they appear to be "boilerplate," in that they do not appear to have been tailored in any manner to fit the circumstances of this case. The Court further notes that the questionnaires ask specific questions concerning Plaintiff's sexual history. The

underlying facts of the case allege a sexual assault by Defendant's employee. As such, the Federal Rules of Evidence bar inquiry into Plaintiff's sexual history. Specifically, Fed. R. Evid. 412(a) provides that in any case involving alleged sexual misconduct evidence is not admissible to prove the alleged victim engaged in "other sexual behavior" or the victim's "sexual predisposition." The inquiries in the questionnaire delve into areas of inadmissibility. This limitation on admissibility also limits the permissible scope of discovery. Discovery is barred unless such information is shown to have a heightened relevancy. *See* Fed. R. Evid. 412(a), Committee Notes to 1994 Amendments. *See also Barta v. City & County of Honolulu,* 169 F.R.D. 132 (D. Hi. 1996) (In action for sexual harassment at work, evidence of alleged victim's sexual predisposition and/or behavior in workplace may be relevant, but discovery as to nonworkplace sexual conduct may be limited).

In addition to the potential inadmissibility of many of the questions, the Court finds the scope and length of the questionnaires (58 pages) to be overly burdensome on Plaintiff. The Court will not attempt to cull out the offending questions, as it may affect the validity of the tests. Therefore, the Court will not order Plaintiff to complete Dr. Althoff's questionnaires. In the second day of the mental examination, Dr. Althoff may ask Plaintiff questions relevant to his examination. The Court cautions Defendant that due to the nature of the allegations in this case that Dr. Althoff should be instructed as to what is admissible and what is not admissible under the Federal Rules of Evidence. Accordingly, Defendant's request that Plaintiff complete Dr. Althoff's questionnaires is **DENIED**.

*Plaintiff's Cross-Motion for a Protective Order*

Finally, Plaintiff asks the Court for a Protective Order to strike Dr. Althoff's expert report and exclude his testimony from trial. This request is premature. The request is therefore **DENIED**.

## Conclusion

For the reasons set forth above, Defendant Aaron Rents, Inc's Motion to Compel Plaintiff-Intervenor to Submit to a Second, Eight Hour Day of a Mental Examination Pursuant to Fed. R. Civ. P. 35 and for Other Relief (Doc. 233) is **GRANTED IN PART** and **DENIED IN PART**. The parties are instructed to schedule a continuation of Dr. Althoff's examination within **14 days**.

**IT IS SO ORDERED.**

**DATED: January 25, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**