IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHLEY ALFORD, | ) | Civil Action No. |
| | ) | |
| Plaintiff-Intervener, | ) | 3:08- cv-00683-MJR-DGW |
| v. | ) | |
| | ) | **PLAINTIFF'S MOTION** |
| AARON RENTS, INC. d/b/a AARON SALES | ) | *IN LIMINE* |
| AND LEASE OWNERSHIP, RICHARD | ) | |
| MOORE, and BRAD MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**1ST MOTION IN LIMINE TO EXCLUDE PREJUDICIAL EVIDENCE CONCERNING
PLAINTIFF-INTERVENOR ASHLEY ALFORD'S PSYCHIATRIC HISTORY PRIOR
TO HER SEXUAL HARASSMENT AND SEXUAL ASSAULT BY DEFENDANT
RICHARD MOORE**

Plaintiff Ashley Alford respectfully submits this Motion *in Limine* to exclude evidence

pertaining to her psychiatric history prior to being sexually harassed and sexually assaulted by

Defendant Richard Moore.  During the course of discovery, Defendants elicited evidence, over

objection, concerning the purported psychiatric history of Plaintiff, including that as a teenager

she was treated by a mental health professional in Germany for "sadness", prescribed Zoloft, and

purportedly diagnosed with Bipolar Disorder.  (Alford II 37:6-40:10; Alford III 22:21-23; Woods

III 19:15-17).

Any such evidence is clearly intended to prejudice the jury, and is not relevant to

Plaintiff's claims against Aaron Rents, Inc. and Richard Moore.  This evidence should be

excluded because its probative value, if any, is substantially outweighed by its unduly prejudicial

1

effect.  (Fed.R.Evid. 403).  *See* <u>EEOC v. Wal-Mart Stores, Inc.</u>, No. 99-106-DRH, 2000 U.S. Dist. LEXIS 13342, at *7-8 (S.D. Ill. March 10, 2000) (*granting the EEOC's motion in limine to bar evidence of former employee's medical complaints, conditions, injuries and treatments in this Title VII case for sexual harassment and retaliation despite claim for emotional distress*).

Ms. Alford's psychiatric history purportedly occurred over a decade ago, several years before her employment at Aarons and the sexual harassment and sexual assaults at bar.  Ms. Alford was briefly treated by a medical professional for "sadness" and prescribed Zoloft when she was approximately sixteen years old.  (Alford II 37:6-40:10)  Ms. Alford has not taken any anti-depressants since.  (Alford II 39:19-40:6)  Ms. Alford and her mother were never even made aware of any diagnosis of bipolar disorder.  (Alford III 22:21-23; Woods III 19:15-17)

Significantly, although Defendants conducted a two-day psychological examination of Ms. Alford, their expert Dr. Althoff was not able to determine that her prior psychiatric history in any way caused her Post Traumatic Stress Disorder.  (Dr. Althoff's Report 42)  Moreover, Plaintiff's expert Dr. Cuneo expressly determined that Ms. Alford's post traumatic stress was not caused by her prior psychiatric history.  (Dr. Cuneo Report 11)  As such, it would be improper for Defendants to use such evidence in determining Ms. Alford's injury and damages.

Accordingly, Plaintiff's first motion *in limine* should be granted.

## 2nd MOTION *IN LIMINE* TO EXCLUDE PREJUDICAL EVIDENCE CONCERNING PLAINTIFF'S DRUG USE

Plaintiff Ashley Alford respectfully submits this Motion *in Limine* to exclude evidence pertaining to her past drug use.  During the course of discovery, Defendants elicited evidence, over objection, pertaining to Ms. Alford's past marijuana use.  Ms. Alford smoked marijuana

when she was younger but did not purchase or consume any other illegal drugs.  (Alford II 44:10-45:21)  She has not consumed any illegal drugs since the birth of her daughter in August 2006.  (Alford III 28:21-29:4)

The foregoing evidence elicited by Defendants is intended to prejudice the jury, and is not relevant to her claims against Aaron Rents and Richard Moore.  This evidence should be excluded because its probative value, if any, is substantially outweighed by its unfairly prejudicial effect.  (Fed.R.Evid. 403).

The Seventh Circuit has held that "[a] witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at the trial."  Jarrett v. United States of America, 822 F.2d 1438, 1446 (7th Cir. 1987).  In this case, Defendants have not alleged that Ms. Alford's perception of the facts or her ability to testify at trial is at issue.  Moreover, they would not be able to support that argument considering her past drug use consisted of the occasional use of marijuana prior to the birth of her child almost five years ago.  *See Id.* (*three witnesses' past occasional drug use not sufficient to call into question their memory of events they testified to at trial*).

No expert in the case at bar has indicated Ms. Alford's prior drug use affected her emotional wellbeing.  Although Defendants conducted a two-day psychological examination of Ms. Alford, their expert Dr. Althoff did <u>not</u> make a determination that Ms. Alford's prior drug use caused her Post-Traumatic Stress Disorder.  (Dr. Althoff's Report 42)  Moreover, Plaintiff's expert Dr. Cuneo determined that Ms. Alford's Post-Traumatic Stress Disorder was not due to any drug use.  (Dr. Cuneo Report 11)  As such, it would be improper for Defendants to use such evidence in evaluating Ms. Alford's injury and damages.

Accordingly, this purported evidence should be held inadmissible, and Plaintiff's second motion *in limine* should be granted.

### 3rd MOTION *IN LIMINE* TO EXCLUDE PREJUDICAL EVIDENCE CONCERNING PLAINTIFF'S ADOLESCENT BEHAVIOR

Plaintiff Ashley Alford respectfully submits this Motion *in Limine* to exclude evidence pertaining to her adolescent history.  During the course of discovery, Defendants elicited evidence, over objection, concerning Ms. Alford's behavior during adolescence, including alcohol abuse, truancy, self-mutilation and conflict with her mother.  (Alford II Tr. 34:16-35:18, 37:6-39:15; Alford III 23:16-26:13).

Any such evidence is clearly intended to prejudice the jury, and is not relevant to Plaintiff's claims against Aaron Rents, Inc. and Richard Moore.  This evidence should be excluded because its probative value, if any, is substantially outweighed by its unfairly prejudicial effect.  (Fed.R.Evid. 403).  *See* Barclay v. Mercy Hospital Serv.-Iowa Corp., No. C 07-4074-MWB, 2009 U.S. Dist. LEXIS 70549, at * 42-44 (N.D. Iowa Aug. 12, 2009) (*granting plaintiff's motion in limine to exclude evidence from her adolescence including her teenage marriage, pregnancy, infidelity and divorce in sexual harassment case because "[r]eliance . . . on [this] evidence . . . suggest[s] precisely that it is the salacious quality of this evidence, not its probative value as evidence of pre-existing emotional distress, that is the real purpose for offering it"*).

This past behavior is limited to Ms. Alford's adolescence, occurring over a decade ago and several years prior to her employment at Aarons and the sexual harassment and sexual assaults by Richard Moore.  There has been no evidence presented that such behavior was

4

prevalent in adulthood, including during or after her employment at Aarons.  Moreover, Ms.
Alford described her past behavior as teenage rebellion.  (Alford III 25:13-15)

  No expert in the case at bar has indicated Ms. Alford's behavior during adolescence
subsequently affected her emotional wellbeing.  Although Defendants conducted a two-day
psychological examination of Ms. Alford, their expert Dr. Althoff was not able to make a
determination that her adolescent history caused of her Post-Traumatic Stress Disorder.  (Dr.
Althoff's Report 42)  Moreover, Plaintiff's expert Dr. Cuneo determined that Ms. Alford's Post-
Traumatic Stress was not caused by her adolescent experiences.  (Dr. Cuneo Report 11)  As
such, it would be improper for Defendants to use such evidence in evaluating Ms. Alford's
injuries and damages.

  Accordingly, this purported evidence should be held inadmissible, Plaintiff's third motion
*in limine* should be granted.


## 4th MOTION *IN LIMINE* TO EXCLUDE PREJUDICIAL EVIDENCE CONCERNING PLAINTIFF'S ABORTION AND MISCARRIAGES

  Plaintiff Ashley Alford respectfully submits this Motion *in Limine* with respect to
excluding evidence pertaining to her abortion and miscarriages.  Any such evidence is clearly
intended to prejudice the jury, and is not relevant to her claims against Aaron Rents and Richard
Moore.  This evidence should be excluded because its probative value, if any, is substantially
outweighed by its unfairly prejudicial effect.  (Fed.R.Evid. 403)

  Informing the jury that plaintiff previously had an abortion creates a danger of provoking
"the fierce emotion[al] reaction that is engendered in many people when the subject of abortion
surfaces in any manner."  <u>Moore v. Metropolitan Water Reclaimation Dist. of Greater Chicago</u>,

No. 02 C 4040, 2005 U.S. Dist. LEXIS 16969, at *25-27 (N.D. Ill. Aug. 12, 2005) (*barring evidence of plaintiff's pregnancy termination in sexual harassment case*).  Evidence of plaintiff's pre-employment abortion exposes "a very private area of [plaintiff's] life and a type of experience which frequently involves a conflict of conscience.  Such evidence tends to be highly prejudicial."  Nichols v. American National Insurance Co., 154 F.3d 875, 888 (8th Cir. 1998) (*trial court abused its discretion in allowing plaintiff's pre-employment abortion into evidence in Title VII sexual harassment case*).

Such evidence is particularly irrelevant where neither plaintiff's nor defendant's expert opined "that the abortion had contributed to [the plaintiff's] emotional distress. . .  [or] played a role in her diagnosis [of post traumatic stress disorder]."  Nichols, 154 F.3d at 885.  Indeed, because defendant's expert expressly stated "that she had no opinion about [the abortion's] impact on [plaintiff's] wellbeing, the Court ruled it "was thus incorrect to base admission of the evidence on the ground that it had been relied on in forming diagnoses."  Id.  So too at bar.

Here, neither Defendant's nor Plaintiff's expert has indicated Ms. Alford's abortion affected her emotional wellbeing.  Defendants' expert did not make a determination that Plaintiff's abortion caused her Post-Traumatic Stress Disorder.  (Dr. Althoff's Report 42)  Moreover, Plaintiff's expert Dr. Cuneo determined that Ms. Alford's Post-Traumatic Stress was not caused by her abortion.  (Dr. Cuneo Report 11)  As such, it would be improper for Defendants to use such evidence in determining Ms. Alford's injury and damages.  The same argument holds for evidence concerning Ms. Alford's prior miscarriages.

Accordingly, this purported evidence should be held inadmissible, and Plaintiff's fourth motion *in limine* should be granted.

## 5th MOTION *IN LIMINE* TO EXCLUDE PREJUDICIAL EVIDENCE CONCERNING PLAINTIFF'S CRIMINAL RECORD

Plaintiff Ashley Alford respectfully submits this Motion *in Limine* to exclude evidence pertaining to her past criminal record.  During the course of discovery, Defendants elicited testimony, over objection, from Ms. Alford concerning a prior arrest.

Plaintiff testified that while living in Washington in 2004, her friend's 12-13 year old son stayed with her while his father served in Iraq.  (Alford II 47:8-10, 47:15-48:8, 49:12-23)  The child's face was bruised in an accident.  Unfortunately, the child told his teacher Ms. Alford had hit him: the teacher called the police and Ms. Alford was arrested.  (Alford II 47:10-48:17)  The child ended up with a bruise on his face by accident and his teacher called the police.  (Alford II 47:10-48:17)  Ms. Alford spent the night in jail but was released the next day.  (Alford II 48:18-21)  She never appeared before a judge.  (Alford II 48:22-49:11)  As a consequence of this incident, Ms. Alford has fourth degree assault on her record.  (Alford III 40:18-41:3)

Any such evidence is clearly intended to prejudice the jury, and is not relevant to Plaintiff's claims against Aaron Rents, Inc. and Richard Moore.  This evidence should be excluded because its probative value, if any, is substantially outweighed by its unfairly prejudicial effect.  (Fed.R.Evid. 403).  *See* Maldonado v. Stinar, No. 08 C 1954, 2010 U.S. Dist. LEXIS 78983, at *15-21 (N.D. Ill. Aug. 5, 2010) (*granting plaintiff's motion in limine to bar evidence of his five prior arrests for misdemeanors and conviction for domestic battery because (i) the underlying facts and circumstances were not similar to those in the case at bar, (ii) the probative value was low despite defendants' claim that they were relevant to the issue of emotional distress damages, and (iii) they were highly prejudicial to plaintiff*); Basile v.

7

Spagnola, 346 Fed. Appx. 687, 689-90 (2d Cir. 2009) (*District Court did not err when it refused to admit evidence of plaintiff's prior conviction for petit larceny in sexual harassment case*).

No expert has indicated Ms. Alford's arrest affected her emotional wellbeing.  Although Defendants conducted a psychological examination of Ms. Alford, their expert was not able to make a determination that her arrest caused her Post-Traumatic Stress Disorder.  (Dr. Althoff's Report 42)  Moreover, Plaintiff's expert Dr. Cuneo determined Ms. Alford's post traumatic stress was not caused by her arrest.  (Dr. Cuneo Report 11)  As such, it would be improper for Defendants to use such evidence to influence the jury's determination of Ms. Alford's damages. This evidence is clearly designed to impugn Ms. Alford's credibility.

Accordingly, this evidence and testimony must be excluded, and Plaintiff's fifth motion *in limine* should be granted.

## 6th MOTION *IN LIMINE* TO EXCLUDE PREJUDICIAL EVIDENCE CONCERNING PLAINTIFF'S RELATIONSHIP WITH OTHER MEN

Plaintiff Ashley Alford respectfully submits this Motion *in Limine* with respect to excluding prejudicial evidence pertaining to her relationships with other men, including her first husband, Jeffrey Schinstine, and her current husband, Dameian Daniels.

Ms. Alford testified she married Mr. Schinstine in 2002 at the age of 17, but she and Mr. Schinstine only lived together in Washington for a few months in 2002 before he went to Iraq. (Alford I 40:7-13)  (Alford I Tr. 41:1-44:9)  They divorced in 2005 because they "couldn't get along."  (Alford I 38:1-39:16)  Mr. Schinstine passed away in 2005.  (Alford I 38:5-12)

Ms. Alford conceded she found their marital issues stressful *during the brief time* they lived together during their marriage, but did not find her parents disapproval of the relationship

8

nor their divorce years after their separation stressful.  (Alford I 40:14-41:4)  Ms. Alford was long separated from and already divorced from Mr. Schinstine before she began working at Aarons in October 2005.  (Alford I 42:10-13)

With regard to her current husband, Dameian Daniels, Ms Alford testified that on one occasion, she and her husband got into an argument that culminated in a minor physical altercation (Mr. Daniels slapped her).  (Alford I 50:22-51:1)  The police were never called, and no medical attention was required or sought.  (Alford I 51:2-8)

Ms. Alford also testified that her husband's infrequent use of illicit drugs has caused her stress.  (Alford III 26:21-29:10)

Ms. Alford was also questioned about the sexual relations she had with Mr. Daniels on October 11, 2006 and the morning of October 12, 2006, including intimate questions about how many times they had sexual relations, what type of sexual relations she had with him, if Mr. Daniels ejaculated as a result of their relations and where he ejaculated.  (Alford I 252:5-254:22)

This evidence is highly prejudicial and should be barred from the trial.  Ms. Alford's relationship with Mr. Schinstine occurred three years <u>prior</u> to her employment at Aarons Rents. Moreover, her relationships with Mr. Schinstine and Mr. Daniels have no bearing upon the sexual harassment directed toward Ms. Alford by Richard Moore, nor upon Ms. Alford's reaction to Mr. Moore's sexual harassment.

Accordingly, this evidence should be excluded because its probative value, if any, is substantially outweighed by its unduly prejudicial effect.  (Fed.R.Evid. 403).  *See* <u>EEOC v. Wal-Mart Stores, Inc.</u>, No. 99-106-DRH, 2000 U.S. Dist. LEXIS 13342, at *7-8 (S.D. Ill. March 10, 2000) (*granting the EEOC's motion in limine to exclude evidence of prior marriages and*

*divorces of former employee alleging sexual harassment and retaliation under Title VII)*; Barclay v. Mercy Hospital Serv.-Iowa Corp., No. C 07-4074-MWB, 2009 U.S. Dist. LEXIS 70549, at * 42-44 (N.D. Iowa Aug. 12, 2009) (*granting plaintiff's motion in limine to exclude evidence of her teenage marriage, pregnancy, infidelity and divorce in sexual harassment case because "[r]eliance . . . on [this] evidence . . . suggest[s] precisely that it is the salacious quality of this evidence, not its probative value as evidence of pre-existing emotional distress, that is the real purpose for offering it"*).

Additionally, under FRE 412, evidence offered to prove that plaintiff engaged in other sexual behavior or to show plaintiff's sexual disposition is "generally inadmissible" in civil proceedings involving alleged sexual misconduct.  (Fed.R.Evid. 412(a)(1) and (2)).  Specifically, evidence offered to prove the sexual behavior or predisposition of plaintiff, the alleged victim, is only admissible where its probative value "*substantially* outweighs" its prejudicial effect and is otherwise admissible under the Rules of Evidence.  (Fed.R.Evid. 412(2) (emphasis added).)  Evidence of the alleged victim's reputation is admissible "only if it has been placed in controversy by the alleged victim." Id.

The Second Circuit has held that FRE 412 explicitly applies to civil cases involving sexual misconduct, including sexual harassment lawsuits.  Wolak v. Spucci, 217 F.3d 157, 159-160 (2nd Cir. 2000).  *See also* Spina v. Forest Preserve of Cook Cty, No. 98-C-1393, 2001 U.S. Dist. LEXIS 19146, at *27 (N.D. Ill. Nov. 23, 2001) (*FRE 412 applies in sexual harassment cases*); Basile v. Spagnola, 346 Fed. Appx. 687, 689-90 (2d Cir. 2009) (*District Court did not abuse its discretion in precluding evidence of plaintiff's sexual conduct since "a plaintiff's*

*private sexual behavior does not change her expectation or entitlement to a workplace free of sexual harassment"*).

Furthermore, no expert in the instant case has indicated Ms. Alford's relationships with Mr. Schinstine and Mr. Daniels have affected her emotional wellbeing.  Although Defendants conducted a psychological examination of Ms. Alford, their expert was not able to make a determination that her relationships with Mr. Schinstine and Mr. Daniels caused her Post-Traumatic Stress Disorder.  (Dr. Althoff's Report 42)  Moreover, Plaintiff's expert Dr. Cuneo determined Ms. Alford's post-traumatic stress was <u>not</u> caused by her relationships with Mr. Schinstine and Mr. Daniels.  (Dr. Cuneo Report 11)  As such, it would be improper for Defendants to introduce such evidence to impact Ms. Alford's injuries and damages.

Accordingly, this evidence and testimony must be excluded, and Plaintiff's sixth motion *in limine* should be granted.


Respectfully submitted, this 8th day of April 2011.


s/ Martha M. McBrayer_____
Martha M. McBrayer, Esq.
**MORELLI RATNER PC**
950 Third Avenue, 11th Floor
New York, New York 10022
Tel:  (212) 751-9800
Fax: (212) 751-0046


THE CATES LAW FIRM, LLC
216 West Pointe Drive, Suite A
Swansea, Illinois  62226
Tel: (618) 277-3644
Fax:  (618) 277- 7882

Attorneys for Plaintiff Ashley Alford

11