IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ASHLEY ALFORD, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:08-cv-00683-MJR-DGW |
| AARON RENTS, INC., d/b/a, AARON | ) | |
| SALES AND LEASE OWNERSHIP; | ) | |
| RICHARD MOORE; and BRAD MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AARON RENTS, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DR. ALTHOFF FROM GIVING AN OPINION ON DEFINITIVE ATTRIBUTIONS OF ALFORD'S SYMPTOMS AND THEIR ETIOLOGY

COMES NOW, Defendant Aaron Rents, Inc. ("Aaron Rents") and files its Response to Plaintiff's Motion in Limine to Preclude Dr. Althoff from Giving an Opinion on Definitive Attributions of Alford's Symptoms and their Etiology. [Doc. 281.] Plaintiff-Intervenor Ashley Alford ("Plaintiff") moves to preclude Dr. Althoff from: (a) providing any opinions concerning the underlying cause of Plaintiff's symptoms, and (b) providing an opinion concerning the etiology of her symptoms because, according to Plaintiff, he expressly concluded in his report that he was unable to do so. Plaintiff's contentions in this regard are completely without merit as she relies solely on three (3) sentences from Dr. Althoff's 42-page expert report to support the instant motion. Accordingly, as explained in more detail below, Aaron Rents respectfully requests that this Court deny Plaintiff's Motion as baseless.

### I.       RELEVANT FACTUAL BACKGROUND

Dr. Althoff administered a forensic psychological evaluation of Plaintiff, pursuant to Fed. R. Civ. P. 35, over the course of two days on December 20, 2010 and February 17, 2011. He

issued his expert report on March 22, 2011, and it was provided to Plaintiff that same day.  [Doc. 281, Ex. A.]    Dr. Althoff's expert report provides excruciating detail of the forensic psychological evaluation he administered to Plaintiff and contains numerous pages of discussion, conclusions, and the opinions he reached regarding same.  [Id., pp. 37-42.]

Plaintiff also retained her own expert, Dr. Daniel J. Cuneo, Ph.D., who evaluated Plaintiff on three separate occasions, December 9, 2010, December 15, 2010, and December 23, 2010.  He issued his expert report on December 31, 2010, and it was provided to Aaron Rents that same day.[1/]  Plaintiff now seeks to exclude Dr. Althoff's opinions that directly contradict Dr. Cuneo's opinions regarding the sources of Plaintiff's emotional distress merely because they conflict - - which is not a proper ground on which to exclude expert testimony.

## II.   ARGUMENT AND CITATION TO AUTHORITY

Plaintiff first contends that Dr. Althoff should be precluded from providing any opinion at trial reaching a definitive determination as to the specific cause and etiology of her symptoms "as that would clearly lie outside the scope" of his expert report.  [Doc. 281, pp. 1-2.]  In support of her assertion, Plaintiff cites only to Fed. R. Civ. P. 26(a)(2)(B), which requires that an expert report contains, *inter alia*, "a complete statement of all opinions to be expressed and the basis and reasons for them."  Dr. Althoff's report clearly satisfies this requirement and Plaintiff can make no showing otherwise.  See Metavante Corp. v. Emigrant Sav. Bank, 619 F.3d 748, 762 (7th Cir. 2010) (finding that the expert report contained a complete statement of all of the opinions the witness will express and the basis and reasons for them and that the expert report

---

[1/]   Due to the sensitive nature of the information contained in Dr. Cuneo's report, it is not attached hereto.  However, Aaron Rents will submit Dr. Cuneo's report, under seal, if the Court so desires.

gave the opposing party "sufficient information to allow it to prepare adequately for his testimony.")

In his report, Dr. Althoff specifically explained that preexisting conditions and factors "can potentially impact ones response to a stressor and also the nature and cause of any subsequent symptom picture." [Doc. 281, Ex. A, p. 34]. Dr. Althoff then discussed at great length the preexisting conditions and factors in Plaintiff's life. [Doc. 281, Ex. A, pp. 34-35]. Dr. Althoff next explains that coexisting factors "may have contributed to, worsened, or at least maintained the claimed impairments." [Doc. 281, Ex. A, p. 35]. Again, Dr. Althoff then details numerous coexisting factors in Plaintiff's life. [Doc. 281, Ex. A, pp. 35-36]. Dr. Althoff concludes that "there are probably multiple determinants for Ms. Alford's self-reported symptom picture." [Doc.281, Ex. A, p. 42]. Dr. Althoff, unlike Dr. Cuneo, is simply unwilling to rule out any of these other factors as potential sources of Plaintiff's self-reported emotional distress. As such, Plaintiff's expert and Aaron Rents' expert simply disagree as to whether one can conclude, as Dr. Cuneo did, that all of these other factors play absolutely no role in Plaintiff's current emotional state and that it is entirely attributable to her allegations against the Defendants herein. It is for the jury to decide which expert to believe. See Wier v. Soo Line R. Co., No. 96 C 2094, 1998 WL 474098, * 5 (N.D. Ill. Aug. 3, 1998) ("[w]hen the testimony of experts conflicts, it is the exclusive province of the jury to determine the weight to be given to the opinion of each expert, based on an assessment of their respective credibility.")

Next, Plaintiff contends that Dr. Althoff should be precluded from "giving any opinion in conflict with that expressed in his report" because allowing such would be extremely prejudicial. [Doc. 281, p. 2.] In support of her assertion, Plaintiff cites only to Fed. R. Civ. P. 37(c)(1), which addresses a party's failure to provide certain information or disclose a witness pursuant to

Fed. R. Civ. P. 26(a).  Here, however, there is no dispute that Dr. Althoff was timely identified. He also has spent 42 pages explaining the information that he considered and the conclusions that he reached – albeit contrary to those of Dr. Cuneo.  The Seventh Circuit has recently held that "[t]he purpose of [expert] reports is not to replicate every word that an expert may say on the stand.  It is instead to convey the substance of the expert's opinion (along with other background information required by Rule 26(a)(2)(B)) so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary."  Walsh v. Chez, 583 F.3d 990, 994 (7th Cir. 2009).  To the extent Plaintiff expresses concern that the conclusions of Dr. Althoff's expert report are unclear, it must be noted that Plaintiff withdrew her Notice of Deposition for Dr. Althoff, which was originally scheduled for April 12, 2011.  Undoubtedly, Plaintiff had the opportunity to ask Dr. Althoff what he meant by these statements in his report – which she admittedly chose not to do.  To permit Plaintiff to now preclude Dr. Althoff from testifying as to any conclusions which she could have clarified by deposing him would be to grant her a windfall for choosing not to do her own due diligence.  As such, Aaron Rents respectfully requests that the Court deny Plaintiff's Motion in Limine for this additional reason.

## III.    CONCLUSION

For all of the reasons explained above, Aaron Rents respectfully requests that the Court deny Plaintiff's Motion in Limine to Preclude Dr. Althoff from Giving an Opinion on Definitive Attributions of Ms. Alford's Symptoms and their Etiology.

Respectfully submitted, this 15th day of April 2011.

s/Alisa Pittman Cleek
Alisa Pittman Cleek
Georgia Bar No. 581063
(*admitted pro hac vice*)
cleek@elarbeethompson.com

ELARBEE, THOMPSON,
SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
404/659-6700
404/222-9718 (facsimile)

Attorneys for Defendant Aaron Rents, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ASHLEY ALFORD, | ) | |
| | ) | |
|     Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:08-cv-00683-MJR-DGW |
| AARON RENTS, INC., d/b/a, AARON | ) | |
| SALES AND LEASE OWNERSHIP; | ) | |
| RICHARD MOORE; and BRAD MARTIN, | ) | |
| | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2011, I electronically filed the foregoing **DEFENDANT AARON RENTS, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DR. ALTHOFF FROM GIVING AN OPINION ON DEFINITIVE ATTRIBUTIONS OF ALFORD'S SYMPTOMS AND THEIR ETIOLOGY** with the Clerk of Court using the CM/ECF System, which will automatically send notification of such filing to the following:

Judy L. Cates
David I. Cates
David Ratner
Martha McBrayer
Greg E. Roosevelt

s/Alisa Pittman Cleek
Alisa Pittman Cleek
Georgia Bar No. 581063
(*admitted pro hac vice*)
cleek@elarbeethompson.com

ELARBEE, THOMPSON,
SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
404/659-6700
404/222-9718 (facsimile)