# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD, ) | |
| ) | |
|     Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | Case No. 08-cv-0683-MJR |
| ) | |
| ) | |
| AARON RENTS, INC., d/b/a AARON ) | |
| SALES AND LEASE OWNERSHIP, and ) | |
| RICHARD MOORE, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER
## ON MOTIONS IN LIMINE

**REAGAN, District Judge:**

Now before the Court are the parties' motions in limine (Docs. 279-283), which are fully briefed and ready for disposition.

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, *Deghand v. Wal-Mart Stores, Inc.,* 980 F. Supp. 1176, 1179 (D. Kan. 1997), motions in limine aid the trial process "by enabling the Court to rule in

1

advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, **88 F.3d 136, 141 (2d Cir. 1996)**. Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, **932 F. Supp. 220, 222 (N.D. Ill. 1996)**. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.*, **519 F.2d 708, 712 (6th Cir.)**, *cert. denied*, **423 U.S. 987 (1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, **864 F. Supp. 67, 69 (N.D. Ill. 1994)**. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, **937 F. Supp. 276, 287 (S.D.N.Y. 1996)**. Moreover, the court may alter a limine ruling based on developments at trial or sound judicial discretion. *Luce*, **469 U.S. at 41**.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, **831 F. Supp. 1398, 1401 (N.D. Ill. 1993)**. Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, **864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." *Nat'l Union*, **937 F. Supp. at 287.**

2

Stated another way, motion in limine rulings are "subject to change when the case unfolds" at trial. *Luce,* **469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.*

On April 8, 2011, Plaintiff filed her motions in limine (Docs. 279-83). Defendant responded on April 15, 2011 (Docs. 287-90). Defendant filed a single motion in limine (with five subparts) on April 8, 2011 (Doc. 283), to which Plaintiff responded on April 14 (Doc. 286). The Court now rules as follows.

**Plaintiff's motions**

**Doc. 279 (with subparts)**

1. To exclude evidence concerning Plaintiff's psychiatric history prior to her sexual harassment and sexual assault by Defendant Moore: **DENIED**. This evidence bears directly on Plaintiff's damage claim and is relevant under Fed. R. Evid. 401 and therefore admissible under Fed. R. Evid. 402 so long as it meets the balancing test of Fed. R. Evid. 403. Assuming a proper foundation is laid, the questioning is in proper form and the answer given to the requisite degree of certainty, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, especially if a cautionary instruction is tendered and given.

2. To exclude evidence concerning Plaintiff's drug use: **GRANTED**. At best, Plaintiff's marijuana use and inconsistent statements regarding it is impeachment on a collateral issue. At worst, it fails the balancing test of Fed. R. Evid. 403 in that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, even if a cautionary instruction were tendered and given.

3. To exclude evidence concerning Plaintiff's adolescent behavior: **DENIED**. This evidence bears directly on Plaintiff's damage claim and is relevant under Fed. R. Evid. 401 and therefore admissible under Fed.

3

R. Evid. 402 so long as it meets the balancing test of Fed. R. Evid. 403. Assuming a proper foundation is laid, the questioning is in proper form and the answer given to the requisite degree of certainty, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, especially if a cautionary instruction is tendered and given.

4. To exclude evidence concerning Plaintiff's abortion and miscarriages: **DENIED.** Under *Berry v. Deloney*, **28 F. 3d. 604, 608 (7th Cir. 1994),** this testimony is admissible if the jury could, as a result, find it diminished Plaintiff's pain, suffering and emotional injuries. As such, so long as a causal link is made, this evidence bears directly on Plaintiff's damage claim and is relevant under Fed. R. Evid. 401 and therefore admissible under Fed. R. Evid. 402 so long as it meets the balancing test of Fed. R. Evid. 403. Assuming a proper foundation is laid, the questioning is in proper form and the answer given to the requisite degree of certainty, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. This volatile evidence is particularly suited for a limiting instruction as discussed in *Berry.*

5. To exclude evidence concerning Plaintiff's criminal history: **GRANTED.** Plaintiff's fourth-degree assault conviction fails the balancing test of Fed. R. Evid. 403 in that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, even if a cautionary instruction were tendered and given.

6. To exclude evidence concerning Plaintiff's relationship with other men: **DENIED**. This evidence bears directly on Plaintiff's damage claim and is relevant under Fed. R. Evid. 401 and therefore admissible under Fed. R. Evid. 402 so long as it meets the balancing test of Fed. R. Evid. 403. Assuming a proper foundation is laid, the questioning is in proper form and the answer given to the requisite degree of certainty, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, especially if a cautionary instruction is tendered and given. The evidence may also refute Plaintiff's claim as to the etiology of the stain on her sweatshirt which would not run afoul of Fed. R. Evid. 412(b)(1)(A).

**Doc. 280**

To exclude Dr. Althoff's expert report and testimony: **DENIED**. Nothing in Dr. Althoff's report indicates that any unauthorized questioning regarding Plaintiff's prior sexual history was delved into. His report is silent on her sexual history, and the pages Plaintiff cites in the report as evidencing inappropriate intrusion into her sexual history do not support her contention.

**Doc. 281**

To preclude Dr. Althoff from giving an opinion on definitive attributions of Plaintiff's symptoms and their etiology: **DENIED.** Plaintiff seizes an admission by Dr. Althoff, in a detailed 42-page report, that he can not "make any definitive attributions regarding her symptoms, and at present their etiology is unclear" as cause to strike his report and preclude his testimony. But his testimony ought not be barred because he cannot make conclusions to a degree higher than the law requires for admissibility. He is not required to testify "definitively." Were that the case there would never be opinion testimony admitted. So long as he testifies with the requisite certainty required, absent guess, speculation or conjecture and with appropriate foundation and relevancy, his opinions are admissible.

**Doc. 282**

To exclude Dr. Althoff's expert report and testimony for violation of Rule 26(a): **DENIED**. Apparently experts for both sides believe an ethical principle governing their professions precludes them from disclosing test questions and answer options. The Court is unsure of the status of the disclosure of this information by either side at present - or if the experts have been deposed regarding it. But since the case has been removed from the trial docket, either side may move to open discovery solely on this issue, and any prejudice from not having the information may be ameliorated.

**Defendant Aarons' motion (with subparts)**

**Doc. 283**

1. To exclude reference to the EEOC determination: **GRANTED.** Plaintiff seeks to admit the EEOC determination that Aarons did not have an effective policy to prevent or correct a sexually hostile work environment. Such testimony, from an official charged with enforcing

and investigating Title VII claims, is virtually dispositive of the claims Plaintiff makes in her claim of sexual harassment, negligent retention and negligent supervision. As such, the evidence fails the balancing test of Fed. R. Evid. 403 in that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, even if a cautionary instruction were tendered and given. Additionally, in the instant case, the fact-finder is the jury, not the EEOC. Admitting the EEOC determination in this case would necessarily cause a trial within a trial in which the data available to the EEOC becomes the focus. That would cause impermissible delay and could lead to jury confusion since the EEOC conclusion is irrelevant to some of the state law claims, both procedurally and substantively.

2. To exclude reference to the Consent Decree between Aarons and the EEOC: **GRANTED** in that no response was filed.

3. To exclude reference to the EEOC's press release announcing the filing of its action again Aarons and various newspaper article reporting on the filing of the action: **GRANTED** in that no response was filed

4. To exclude reference to documents related to the divorce of Defendant Moore and his wife: **GRANTED** in that no response was filed

5. To exclude reference to Defendant Moore's arrest and the criminal charge currently pending against him: **GRANTED** in that no response was filed.

IT IS SO ORDERED.

DATED: May 3, 2011

                                             s/Michael J. Reagan
                                             MICHAEL J. REAGAN
                                             United States District Judge