IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD, | ) |
|        Plaintiff-Intervenor, | ) |
| vs. | ) Case No. 08-cv-0683-MJR |
| AARON'S RENTS, INC., d/b/a AARON SALES AND LEASE OWNERSHIP and RICHARD MOORE, | ) |
|        Defendants. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

The question before the Court is whether Defendants can properly be held liable for punitive damages on the 6 Counts remaining in this action: Count 1, common law assault; Count 2, common law battery; Count 5, negligent supervision; Count 8, intentional infliction of emotional distress; Count 11, retaliation under Title VII; and Count 12, sexual harassment. Having carefully and thoroughly considered this issue, the Court now rules as follows.

**I.  State law claims**

Counts 1, 2, 5 and 8 state causes of action under Illinois law, so the availability of punitive damages is governed by Illinois law. *See Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, **342 F.3d 714 (7th Cir. 2003)**. Under Illinois law, the Court must initially decide "whether the facts of a particular case justify the imposition of punitive damages[.]" *Kelsay v. Motorola, Inc.*, **384 N.E.2d 353, 359 (Ill. 1978)**. To make this determination, the Court examines plaintiff's supported allegations and the

evidence of record. *See Roboserve, Inc. v. Kato Kagaku Co.*, **78 F.3d 266, 273 (7th Cir. 1996)**; *see also Varilek v. Mitchell Engineering Co.*, **558 N.E.2d 365, 382 (Ill. App. Ct. 1991)**. Punitive damages may be recovered in cases where the wrongful act constitutes "fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay*, **384 N.E.2d at 359**.

## II. Counts 1 and 2

In Counts 1 and 2, Ashley Alford alleges assault and battery, respectively, against Richard Moore. As Alford indicates in her Memorandum in Support of Punitive Damages ("Alford's Memorandum"), these counts are based on willful verbal and physical sexual conduct by Richard Moore. Alford's Memorandum, pp.2-3. Moore's conduct, as alleged by Alford, meets the elements set forth in *Kelsay, supra,* and warrants submitting the issue of punitive damages as to these Counts to the jury for its consideration. *See Knierim v. Izzo*, **174 N.E.2d 157, 165 (Ill. 1961)** (The "outrageous nature" of the defendant's alleged conduct was sufficient to allow the jury to make an award of punitive damages).

## III. Count 5

In Count 5, Alford seeks damages against Aaron's for improperly supervising or failing to supervise Moore.

A claim for negligent supervision requires a plaintiff to establish:

(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have

> been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury. *Helfers-Beitz v. Degelman,* **939 N.E.2d 1087, 1091 (Ill.AppCt. 2010) (citing *Van Horne v. Muller,* 705 N.E.2d 898, 904 (1998)**.

The conduct of which Alford complains goes beyond Moore's conduct to impute liability to Aaron's for, *inter alia,* failing to make adequate inquiries regarding allegations of sexual harassment despite knowledge of the same by its agent Regional Manager Brad Martin; deliberately covering up sexual harassment through Martin; and failing to suspend Moore while allowing known sexual harassment to continue. First Amended Complaint (FAC), ¶¶ 85 -95.

Alford testified that Martin questioned her about harassment in front of Moore and later told Moore to "watch [his] back." From this testimony, a reasonable trier of fact could find that Martin intended to conceal harassment or to remain willfully ignorant of it. This alleged intentional cover-up and disregard of sexual harassment is sufficiently willful or grossly negligent to support submitting the issue of punitive damages to the jury for its consideration. *See Kelsay*, **384 N.E.2d at 359**; *see also Knierim*, **174 N.E.2d 165  (Ill. 1961) (finding that punitive damages may be justified by actions "characterized by wantonness, malice, [and] oppression.")**.

IV.   <u>Count 8</u>

Alford's claim in Count 8 alleges intentional infliction of emotional distress, which under Illinois law does not permit punitive damages. *Casey-Beich v. United Parcel Service, Inc.*, **2008 WL 4471362, at \*1 (7th Cir. 2008) (citing *Gragg v. Calandra,* 696 N.E.2d 1282, 1290 (1998)**.

3

V.  Count 11[1]

In Count 11, Alford alleges that Aaron's retaliated against her for reporting sexual harassment to the Equal Employment Opportunity Commission (EEOC). More specifically, Alford alleges that she was initially told that she would be promoted to manager in spite of her lack of a college degree, but after she filed her EEOC charge, she was told that she would no longer be considered for management positions.

"Title VII makes it unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act." *Fine v. Ryan Intern. Airlines*, **305 F.3d 746, 751 (7th Cir. 2002) (citing 42 U.S.C. § 2000e-3(a)).** "To prove a case of retaliation, a plaintiff must show: (1) she engaged in statutorily protected expression; (2) she suffered an adverse action at the hands of her employer; and (3) there was a causal link between the two." *Id.* **at 751-52 (citing** *Dey v. Colt Constr. & Dev. Co.,* **28 F.3d 1446, 1457 (7th Cir.1994)).**

Assuming that the jury finds the Aaron's is liable on Alford's retaliation claim, punitive damages are available and appropriate if she has shown that Aaron's "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to [her] federally protected rights." **42 U.S.C. § 1981a(b)(1).** In *Kolstad v. American Dental Ass'n,* **527 U.S. 526 (1999),** the Supreme Court rejected the requirement that punitive damages be available only in "extraordinarily egregious"

---

[1] The Court determined that Alford's retaliation claim could proceed under Title VII but not under the Illinois Human Rights Act.

cases, and instead found an award proper so long as the employer discriminates "in the face of a perceived risk that its action will violate federal law." *Id.* **at 533, 536.**

As Judge Posner explained in *E.E.O.C. v. Indiana Bell Telephone Co.*, **256 F.3d 516 (7th Cir. 2001),** "The minimum requirement for a punitive award is that the employer "discriminate in the face of a perceived risk that its actions will violate federal law." **256 F.3d at 527 (citing** *Kolstad***, 527 U.S. at 536;** *Gentry v. Export Packaging Co.***, 238 F.3d 842, 851-52 (7th Cir. 2001))**. But Judge Posner cautioned that this minimum may not be sufficient because, first, an employer may believe that its conduct is lawful and, second, "§ 1981a(b) authorizes *but does not compel* an award of punitive damages." *Id.* **(emphasis in original)**. Judge Posner summed up that circumstances that permit the issue of punitive damages to go to the jury may not persuade a jury that "the employer's conduct was not *so* malicious or *so* reckless that damages should be added to the compensatory award." *Id.* **(emphasis in original)**.

The Court believes that Judge Posner's analysis neatly sums up the current circumstance: Alford's allegations and the evidence of record are sufficient for the question of Aaron's liability in punitive damages for retaliation to go to the jury so that the jury can determine whether Aaron's conduct warrants damages above a compensatory award.

## VI.    Count 12

Count 12 alleges that Aaron's is liable for Moore's sexual harassment of Alford. Specifically, here, Alford claims that Aaron's, by and through its agents, Martin, Joe Skortz, John Peterson and Vanessa Adams, failed remediate ongoing sexual

harassment, including inappropriate and offensive comments, nicknames and touching, in spite of its knowledge of the same and in spite of Alford's call to the company's sexual harassment hotline. This Count again alleges a deliberate cover-up and willful ignorance of alleged harassment by Martin. FAC, ¶¶ 202-210.

In order for the jury to assess punitive damages in a Title VII case, a plaintiff must show that the defendant acted with malice or with reckless indifference to intentional discrimination. **42 U.S.C. § 1981a(b)(1);** *Kolstad***, 527 U.S. at 539.** Section 1981a(b)(1) provides, "A complaining party may recover punitive damages under this section against a respondent … if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." **42 U.S.C. § 1981a(b)(1)**. The terms "malice" and "reckless indifference" refer to the employer's knowledge that it may be violating federal law. *Cooke v. Stefani Management Services, Inc.***, 250 F.3d 564, 568 (7th Cir. 2001)**; *Kolstad***, 527 U.S. at 535**. "In the context of § 1981a, an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." **527 U.S. at 536**.

It is undisputed that Aaron's maintained a sexual harassment hotline and educated its managers about sexual harassment. Based on Alford's allegations and evidence of record, a reasonable trier of fact could conclude that agents of Aaron's were aware that Alford had federally protected rights against sexual harassment, and that Aaron's, through its agents, deliberately covered up or was willfully blind to intentional

6

discrimination in violation of those federally protected rights. The Court concludes that Alford has sufficiently shown "reckless indifference" with regard to intentional discrimination under Section 1981a(b)(1).

The Supreme Court in *Kolstad*, quoting the Restatement of Agency, outlined the ways a plaintiff may establish agency for the purposes of Title VII:

> Punitive damages can properly be awarded against a master or other principal because of an agent if, but only if:
> "(a) the principal authorized the doing and the manner of the act, or
> "(b) the agent was unfit and the principal was reckless in employing him, or
> "(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
> "(d) the principal or a managerial agent of the principal ratified or approved the act.

**527 U.S. at 542-3(***quoting* **Restatement (Second) of Agency, § 217 C))**. Aaron's is correct in asserting that punitive damages under Title VII, applied to principals for managerial agents acting within scope of employment under subsection (c), are given very sparingly. Because the broad language of subsection (c) would result in perverse incentives to forego efforts to prevent and remedy discrimination, the Supreme Court modified that subsection so that punitive damages cannot be based vicariously for discriminatory actions by an agent that are contrary to an employer's efforts to comply with Title VII in good faith. **527 U.S. at 545**.

In the present case, central to Count 12 is the alleged intentional verbal and physicalsexual harassmentof Alfordby Moore. Count 12 also alleges that Aaron's, through its agents Martin, Skortz, Peterson and Adams, remained willfully blind to

7

Moore's alleged ongoing sexual harassment, even deliberately preventing investigations.

A jury could reasonably find that these allegations are supported by the record. Under subsection (b), the evidence that Moore was unfit for his position as general manager due to his ongoing sexual harassment of Alford and that Aaron's was reckless in continuing to employ him despite this is sufficient to warrant submitting the punitive damages claim to the jury.

## VII. Conclusion

For the foregoing reasons, the Court **FINDS** that Defendants can properly be held liable for punitive damages on Count 1, common law assault; Count 2, common law battery; Count 5, negligent supervision; Count 11, retaliation under Title VII; and Count 12. Punitive damages are not available on Count 8, intentional infliction of emotional distress. Accordingly, the Court will allow the jury to consider the issue of punitive damages as to Counts 1, 2, 5, 11 and 12.

**IT IS SO ORDERED.**

**DATED this 3rd day of June, 2011**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**