IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHLEY ALFORD, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:08-cv-00683-MJR-DGW |
| AARON RENTS, INC., d/b/a, AARON | ) | |
| SALES AND LEASE OWNERSHIP; | ) | |
| RICHARD MOORE; and BRAD MARKIN, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT AARON RENTS, INC.'S MOTION TO CONFORM THE JURY'S AWARD OF TITLE VII DAMAGES TO THE STATUTORY CAP AND MEMORANDUM IN SUPPORT

Plaintiff-Intervenor Ashley Alford filed this action alleging that she was subjected to a sexually-hostile work environment during her employment with Defendant Aaron Rents, Inc. ("Aarons") in violation of, inter alia, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). At the conclusion of the trial of this action, the jury returned a verdict for Plaintiff on her Title VII sexual-harassment claim, and awarded her $4 million in compensatory damages and $50 million in punitive damages pursuant to that claim. Pursuant to a teleconference with this Court on April 15, 2011, Aarons hereby moves the Court to conform the jury's award of Title VII damages to the applicable statutory cap, and to apportion the entire sum of the reduced award as compensatory damages. In the teleconference Plaintiff's counsel has already indicated that it does not matter to Plaintiff how the $300,000 is apportioned.

### I. ARGUMENT AND CITATION OF AUTHORITY

As the Court and all parties agree, by statute the total judgment on a Title VII claim cannot exceed $300,000, requiring the Court to reduce the jury award on Title VII to that amount, the only question being how to allocate the $300,000 between compensatory and punitive damages.

The 1991 Civil Rights Act, Pub. L. 102-166, 105 Stat. 1071 (1991), authorized jury trials in Title VII actions such as this one in which the plaintiff alleges intentional discrimination and seeks compensatory and punitive damages. 42 U.S.C. § 1981(c). At the same time, Congress placed limitations on – or capped – the sum of the amount of compensatory damages and punitive damages that could be awarded against a Title VII defendant based on the number of persons it employed. 42 U.S.C. § 1981(a)(b)(3). More specifically, pursuant to § 1981(a)(b)(3)(D), a plaintiff in a Title VII action may recover no more than the combined sum of $300,000 in compensatory and punitive damages from employers, such as Aarons, that employ more than 500 employees. Because the sum of the jury's award of compensatory and punitive damages pursuant to Plaintiff's Title VII claim exceeds that amount, the Court must reduce the jury's award here to conform it to the statutory cap.

Congress did not "prescribe a method for making this adjustment." Lust v. Sealy, Inc., 383 F.3d 580, 589 (7th Cir. 2004). On June 15, 2011, this Court conducted a teleconference with counsel for the parties to discuss various post-trial matters, including reduction of the Title VII award. Counsel for the parties agreed that §1981(a)(b)(3)(D) provides the applicable cap. David M. Ratner, counsel for Plaintiff, stated that Plaintiff did not care how the Court apportioned the capped amount between compensatory and punitive damages. Alisa P. Cleek, counsel for Aarons, indicated that she needed to consult with her client regarding any proposed apportionment. The Court therefore directed Aarons to file, within seven days of the teleconference, a motion regarding the reduction and apportionment of the jury's award of damages under Title VII.

The court in Lust observed that the Seventh Circuit, when faced with the question of apportioning Title VII damages, had upheld decisions that took "the entire cut" out of the award of punitive damages as well as decisions that took "the entire cut" out of the compensatory damages award – although the court observed that "[t]he former is the more common approach." Id. In Lust,

however, the court wrote that "probably the sensible thing for the judge to do is to . . . determine the maximum reasonable award of compensatory damages, subtract that from $300,000, and denote the difference [as] punitive damages." Id.

The Seventh Circuit noted that the approach endorsed in Lust assumed that $300,000 was "not an excessive award of compensatory plus punitive damages in the circumstances of the case." 383 F.3d at 589. With all due respect to the jury's service, and the jury's verdict notwithstanding, Aarons submits that it should not be found liable to Plaintiff for either compensatory or punitive damages under Title VII. Aarons therefore reserves its right to address, following the entry of judgment, and pursuant to timely motions under Fed. R. Civ. P. 50 and 59, the issue of whether (or in what amount) any damages ultimately should be awarded to Plaintiff under Title VII. Nevertheless, recognizing that conforming the jury's award of Title VII damages to the statutory cap, and apportioning those damages accordingly, are necessary for the entry of judgment in this action, Aarons hereby proposes that the entire sum of the $300,000 award under Title VII be apportioned as compensatory damages.

A finding of liability against a defendant under Title VII does not automatically entitle the plaintiff to an award of punitive damages, as the United States Supreme Court explained in Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999):

> The very structure of § 1981a suggests a congressional intent to authorize punitive awards in only a subset of cases involving intentional discrimination. Section 1981a(a)(1) limits compensatory and punitive awards to instances of intentional discrimination, while §1981a(b)(1) requires plaintiffs to make an additional "demonstrat[ion]" of their eligibility for punitive damages. Congress plainly sought to impose two standards of liability – one for establishing a right to compensatory damages and another, higher standard that a plaintiff must satisfy to qualify for a punitive award.

Id. at 534.  Therefore, punitive awards are available under Title VII only when the plaintiff has "demonstrate[d] that [her employer] engaged in a discriminatory practice or discriminatory practice with malice or with reckless indifference to [her] federally protected rights."  42 U.S.C. § 1981a(b)(1).  See also Kolstad, 527 U.S. at 534 (same).

As stated above, Aarons should not be found liable to Plaintiff for either compensatory or punitive damages under Title VII.  Nevertheless, because Aarons submits that Plaintiff failed to meet even the less stringent standard to recover compensatory damages under Title VII, she necessarily failed to meet the more stringent standard to recover punitive damages under the Act.  Accordingly, Aarons hereby proposes that the entire sum of the $300,000 award (as reduced) under Title VII be apportioned as compensatory damages.[1]

If the Court accepts Aarons' invitation to apportion the entire Title VII award to compensatory damages, that will obviate the need for Aarons to elaborate on Kolstad and its progeny in its post-judgment motions.  Nevertheless, should the Court choose to apportion some part of the $300,000 award (as reduced) as punitive damages, Aarons submits that any such apportionment of punitive to compensatory damages should reflect a ratio of no greater than 1:1, as Aarons submits (and will hereinafter demonstrate in its motions pursuant to Fed. R. Civ. P. 50 and 59) that the weight of the evidence and the constitutional protections to which the Aarons is entitled (including, but not limited to, its right to due process) do not justify any greater ratio.

---

[1] Neither Lust nor other Seventh Circuit authority requires that some part of a reduced award be apportioned as punitive damages.  See Cantleberry v. Physician Care, Ltd., No. 07 C 5695, 2009 WL 971429, at *4 (N.D. Ill. Apr. 8, 2009) (reading Lust as suggesting that, "rather than trying to apportion the damages, courts should leave the compensatory damages in tact [sic] and reduce the punitives as necessary to comply with the cap").  In Tomao v. Abbott Labs., No. 04 C 3470, 2007 WL 2225905, at **13-14 (N.D. Ill. July 31, 2007), the district court apportioned the entire sum of the $300,000 award (as reduced) as compensatory damages, rejecting the defendant's argument that $250,000 of the award should have been apportioned as punitive damages.

Respectfully submitted, this 22nd day of June 2011.

s/Alisa P. Cleek
Alisa P. Cleek
Georgia Bar No. 581063
(*admitted pro hac vice*)
cleek@elarbeethompson.com

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
404/659-6700
404/222-9718 (facsimile)

Shari R. Rhode
Illinois Bar No. 02324598

RHODE & JACKSON, P.C.
1405 West Main Street
Carbondale, Illinois 62901
888/619-6766
618/529-8582 (facsimile)

Attorneys for Defendant Aaron Rents, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHLEY ALFORD, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:08-cv-00683-MJR-DGW |
| AARON RENTS, INC., d/b/a, AARON | ) | |
| SALES AND LEASE OWNERSHIP; | ) | |
| RICHARD MOORE; and BRAD MARKIN, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, I electronically filed the foregoing **DEFENDANT AARON RENTS, INC.'S MOTION TO CONFORM THE JURY'S AWARD OF TITLE VII DAMAGES TO THE STATUTORY CAP AND MEMORANDUM IN SUPPORT** with the Clerk of Court using the CM/ECF System, which will automatically send notification to:

Judy L. Cates
David I. Cates
Benedict Morelli
David Ratner
Martha McBrayer
Greg E. Roosevelt

                                                                                                             s/Alisa P. Cleek
                                                                                                             Alisa P. Cleek
                                                                                                             Georgia Bar No. 581063
                                                                                                             (*admitted pro hac vice*)
                                                                                                             cleek@elarbeethompson.com

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
404/659-6700 (telephone)
404/222-9718 (facsimile)

Attorney for Defendant Aaron Rents, Inc.