**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ASHLEY ALFORD, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| vs. | ) Case No. 08-cv-0683-MJR |
| | ) |
| AARON'S RENTS, INC., d/b/a AARON | ) |
| SALES AND LEASE OWNERSHIP and | ) |
| RICHARD MOORE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Plaintiff-intervenor Ashley Alford brought suit alleging that she was subjected to a sexually-hostile work environment during her employment with Defendant Aaron Rents, Inc., in violation of, *inter alia,* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* A jury trial commenced on May 23, 2011, culminating on June 7 with a verdict in favor of Alford and against Aarons. On Alford's Title VII sexual harassment claim (Count XII), the jury awarded her $4,000,000.00 in compensatory damages and $50,000,000.00 in punitive damages. Now before the Court is Aarons' motion to conform the jury's award of Title VII damages to the statutory cap (Doc 390).

Title VII authorizes the award of both compensatory and punitive damages but provides a cap on the total amount of damages recoverable based on employer size. ***See* 42 U.S.C. § 1981a**. Specifically, the statute provides:

> In an action brought by a complaining party under section 706 or 717 of the Civil
> Rights Act of 1964 ... against a respondent who engaged in unlawful intentional

discrimination ... prohibited under section 703, 704, or 717 of the Act ... the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent. **42 U.S.C. § 1981a(a)**.

As relevant to Aarons, which employs more than 500 employees, § 1981a(b)provides:

The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party … (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000. **42 U.S.C. § 1981a(b)**.

As the Court of Appeals for the Seventh Circuit observed in ***Lust v. Sealy, Inc.***, **383 F.3d 580 (7th Cir. 2004),** § 1981a "does not prescribe a method for making this adjustment." **383 F.3d at 589**. The Seventh Circuit has upheld both a decision "to take the entire cut" from punitive damages and a decision to take that same cut from compensatory damages. ***Id*. (citing *Gile v. United Airlines, Inc.,* 213 F.3d 365, 371, 376 (7th Cir.2000); *Jonasson v. Lutheran Child & Family Services,* 115 F.3d 436, 441 (7th Cir. 1997)).** The more common approach is to take the entire cut from punitive damages. ***Id*. (citations omitted)**.

While reserving its right to address, following the entry of judgment, the issue of whether and in what amount it should be found liable to Alford for either compensatory or punitive damages under Title VII, Aarons proposes that the Court apportion the entire Title VII award to compensatory damages. Alford does not object to this apportionment.

When Congress first permitted compensatory and punitive damage awards in Title VII cases, it was concerned with keeping those damages under reasonable control.

*Hennessy v. Penril Datacomm Networks, Inc.*, **69 F.3d 1344, 1355 (7th Cir. 1995)**. Congress did not intend that Title VII awards, especially of punitive damages, be excessive, particularly where, as here, substantial non-wage injuries have been proven. *Id.; Williams v. Pharmacia Opthalmics, Inc.*, **926 F.Supp. 791, 794 (N.D.Ind. 1996**). Since compensating the injured party is the primary purpose of the remedies provided under § 1981a, the jury's award should be applied first for that purpose. *Williams*, **926 F. Supp. at 794**.

As a result, the Court **GRANTS** Aarons' motion (Doc. 390) and, as to Count XII, **REDUCES** the compensatory damages award from $4,000,000.00 to $300,000.00 and **VACATES** the $50,000,000.00 punitive damages award.

The Court notes that this remittitur results solely from the statutory cap and is not an expression of the Court's opinion or the reasonableness of the jury verdict as to Count XII. Final judgment will be entered in this case when the court reporter completes the transcript, which should occur in the next few weeks.

IT IS SO ORDERED.

DATED this 7th day of July, 2011


s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge