IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD, ) | |
| ) | |
|     Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | Case No. 08-cv-0683-MJR |
| ) | |
| AARON RENTS, INC., d/b/a AARON ) | |
| SALES AND LEASE OWNERSHIP and ) | |
| RICHARD MOORE, ) | |
| ) | |
|     Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    Introduction

Plaintiff-Intervenor Ashley Alford obtained a judgment in the amount of $39,800,000.00 against Aaron Rents, Inc., in this action which charged, *inter alia,* sexually hostile work environment, negligent supervision and intentional infliction of emotional distress. Aarons seeks a stay of execution of judgment pending this Court's final disposition of all timely filed post-judgment motions under Rules 50 and 59 of the Federal Rules of Civil Procedure (Doc. 406).

In brief, Aarons contends that its ability to pay the potential judgment is plain on the undisputed facts. Consequently, according to Aarons, the Court should grant an interim stay without requiring it to post a bond or other form of security. Alford responds that Aarons has not met its burden of demonstrating why the Court should excuse its obligation to post a full bond. She contends that the circumstances required to waive Rule 62(b)'s full bond requirements are markedly absent here.

1

As to Aarons' ability to pay the judgment, the stipulated facts presented to the jury were: Aarons "is the industry leader in serving the moderate income consumer," with "over 1,146 corporate owned stores and 664 independently owned and operated franchised stores." Ex. A, Tr. 6/8/11 2:13-21. Moreover, the "corporate net worth (shareholder's equity) of Aaron Rents, Inc. is $980,000,000" and its net profit for "2010 was "118,000,000." *Id*. at 2:11-23. However, as Alford points out, Aarons' counsel was heard to argue to the jury that a further damages award would "ruin" the corporation and that a large punitive damages award would "bankrupt the corporation" or "seriously damage" it and everyone who worked for it. Ex. A, Tr. 6/8/11, 18-25.

Federal Rule of Civil Procedure 62(b) allows for stays pending disposition of post-trial motions under Rule 50, for judgment as a matter of law, and Rule 59, for a new trial or to alter or amend a judgment, secured "[o]n appropriate terms for the opposing party's security,..." **FED. R. CIV. P. 62(b);** *Peacock v. Thomas,* **516 U.S. 349, 359 n. 8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor.")**.

The United States Court of Appeals for the Seventh Circuit observed that the law in this area is clear since it was the subject of three opinions within two years. *Dillon v. City of Chicago*, **866 F.2d 902, 904 (7th Cir. 1988)**, *citing Northern Indiana Public Service v. Carbon County Coal,* **799 F.2d 265 (7th Cir. 1986) (waiving the requirement of bond pending appeal where the appellant was a solvent public utility, with net worth well in excess of the judgment);** *Lightfoot v. Walker,* **797 F.2d 505 (7th Cir. 1986) (establishing guidelines for determination of when waiver of bond is appropriate, and finding State of**

2

**Illinois procedures for payment of judgments inadequate to justify waiver of bond); and** *Olympia Equipment v. Western Union Telegraph Co.,* **786 F.2d 794 (7th Cir. 1986) (modifying and affirming the district court's alternative security to posting a supersedeas bond**). It is facially apparent from these decisions that the Court has broad discretion in determining whether a bond should be posted or waived, and whether alternative security may negate the need for a bond.

In *Olympia Equipment*, the Seventh Circuit explained, "[A]n inflexible requirement of a bond would be inappropriate in two sorts of case: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and - the opposite case, one of increasing importance in an age of titanic damage judgments - where the requirement would put the defendant's other creditors in undue jeopardy." **786 F.2d at 796**.

Aarons' financial worth, as set forth in brief above, is substantial enough that posting a bond would not put its other creditors in undue jeopardy. So, the Court turns to the question of whether Aarons' ability to pay the judgment is so plain that the cost of the bond would be a waste of money. The Court weighs Aarons' sound corporate numbers against the clearly observable truth that no company is immune from downturns. One need not be an avid reader of the financial columns to recognize that major, seemingly sound, corporations - such as GM, Chrysler, Maytag and Lucent, as well as banks and other financial institutions (a far from comprehensive list) - have been subject to financial upheavals and collapse or near-collapse.

As Judge Easterbrook phrased it in his concurring opinion in *Olympia Equipment*, "There should be a strong preference for a partial bond in the amount of the value of the claim." **786 F.2d at 800,** *citing Trans World Airlines, Inc. v. Hughes,* **314 F.Supp. 94 (S.D.N.Y. 1970) ($75 million bond to secure a judgment of $145 million), aff'd in relevant**

3

Case 3:08-cv-00683-MJR-DGW   Document 410   Filed 09/06/11   Page 4 of 5   Page ID #9363

**part, 515 F.2d 173 (2d Cir. 1975), *cert. denied,* 424 U.S. 934 (1976); cf. *International Telemeter Corp. v. Hamlin International Corp.,* 754 F.2d 1492, 1495 (9th Cir. 1985)**. Judge Easterbrook explained,

> The principal attraction of at least a partial bond is that the need to secure such a bond subjects the assets and claims of the judgment creditor to scrutiny and to monitoring. These specialists have the benefits of expertise and ready access to information; they also have the spur of self interest. The costs of failure concentrate the mind. Judges and lawyers have no similar interest at stake in a hearing to determine the value of proposed collateral. *Id.* **at 801**.

Securing the judgment with at least a partial bond, then, gives the Court and the parties the benefit of oversight by specialists who will closely scrutinize and monitor Aarons' assets during the pendency of the stay.

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Aarons' motion for stay of execution of judgment (Doc. 406). As explained more fully below, the Court **GRANTS** the motion as to staying execution of judgment but **DENIES** the motion as to not requiring Aarons to post security.

The Court **FINDS** that the current financial status of Aarons supports any potential affirmable judgment in this case. However, based upon the foregoing analysis of applicable law, the Court believes a third-party partial bond in the sum of $5,000,000.00 is appropriate.

Execution of judgment as to Aarons is stayed pending further order of Court. By 5:00 p.m., Tuesday, September 20, 2011, Aarons shall file a motion for approval of a supersedeas bond, along with an exemplar of the proposed bond attached as an exhibit, via the CM/ECF system. The bond shall cover payment of the judgment entered August 24, 2011, along with Alford's costs, including attorneys' fees up to the sum of $5,000,000.00. The term of the

4

bond shall be for 9 months from the date of Court approval, unless terminated or extended by order of Court. Alford shall have until 5:00 p.m., Thursday, September 22, 2011, to object to the terms of the bond (other than the amount) and/or the bonding company.

The bonding company must have an AM Best or equivalent financial rating of at least A-, a financial category of at least XII, and an outlook of "positive" or "stable."

**As part of the filing, the Court should be advised of the cost of the bond**.

IT IS SO ORDERED.

DATED this 6th day of September, 2011

                                              <u>s/Michael J. Reagan</u>
                                              MICHAEL J. REAGAN
                                              United States District Judge