IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>AARON RENTS, INC., d/b/a AARON SALES )<br>AND LEASE OWNERSHIP, RICHARD )<br>MOORE, and BRAD MARTIN )<br>)<br>    Defendants. )<br>) | CIVIL ACTION NO.<br><br>No. 3:08-cv-00683-MJR-DGW |

**DEFENDANT AARON RENTS, INC'S RULE 59 MOTION FOR NEW TRIAL
ON LIABILITY AND DAMAGES AND
<u>ALTERNATIVE MOTION FOR REMITTITUR</u>**

Defendant Aaron Rents, Inc. ("Aarons") pursuant to Rule 59 of the Federal Rules of Civil Procedure hereby moves for a new trial on liability and damages, and/or in the alternative, for remittitur.[1] In support of its motion, Defendant states as follows (and for the reasons fully explained in the memorandum of law Aarons will subsequently file in accordance with this Court's scheduling order):

1. On August 24, 2011, the Court entered judgment in favor of Plaintiff and against Aarons in the amount of $39,800,000, $9,800,000 of which was for compensatory damages, and $30,000,000 of which was for punitive damages. That same day, the Court entered judgment in favor of Plaintiff and against Defendant Moore in the amount of $1,500,000 in compensatory damages and no punitive damages. (Dkt. No. 405.)

2. Based on the jury verdict, this Court entered judgment against Aarons on Plaintiff's claims of negligent supervision (Count 5), intentional infliction of emotional distress

---

[1] Aarons is simultaneously filing its Rule 50(b) Motion For Judgment As A Matter Of Law.

(Count 8), and Title VII sexual harassment (Count 12), and also entered judgment for punitive damages against Aarons based on the negligent supervision verdict. For the reasons expressed fully in the memoranda of law Aarons will file in support of this motion and in support of its motion for judgment as a matter of law, Aarons is entitled to a new trial on each and all of the claims for negligent supervision, intentional infliction of emotional distress, and Title VII sexual harassment, as well as punitive and compensatory damages, because the verdict, damage awards, and resulting judgment are against the great weight of the evidence.[2]

3.   A new trial is required as to some or all claims for the reasons below and those discussed in Defendant's Motion for Judgment as a Matter of Law:

4.   First, the negligent supervision verdict cannot stand because the jury instructions were erroneous on critical components; separately, the punitive damages award cannot stand as it is against the great weight of the evidence and excessive.

- The jury instructions for the negligent supervision claim were erroneous. To find Aarons liable for this tort, the jury had to find Aarons knew or should have known that Plaintiff's supervisor, Richard Moore, had a *particular* unfitness for his position, and that that *particular* unfitness was the cause of Plaintiff's injury. *See Helfers-Beitz v. Degelman,* 939 N.E.2d 1087, 1091 (Ill. 2010) (emphasis added). The instructions omitted this fundamental and necessary element, instead stating that Plaintiff had the burden of proving that "Richard Moore was unfit to be a General Manager" .and that "Aaron Rents knew or should have known . . . that Richard Moore was unfit to be a General Manager . . . . " (Dkt. No. 376 at 46)  Consequently, Aarons is entitled to a new trial on the entire negligent supervision claim.

---

[2] Pursuant to the Court's June 16, 2011 and September 7, 2011 Orders, Aarons' memorandum of law in support of this motion shall be filed within 30 days after the motion.

13744469v.5

- Independently, the jury instructions for punitive damages for negligent supervision were erroneous. Among other errors, the instructions improperly permitted the jury to impose punitive damages if it found Moore was a managing employee who mis-supervised himself; omitted the requirement that the jury had to find Aarons knew or should have known Moore had a *particular* unfitness which caused Plaintiff's resulting injury; and improperly included additional elements, such as whether the corporation ratified or approved the act or omission, that were not relevant on the record here, thus permitting the jury to base its award on an improper theory. *See Helfers-Beitz v. Degelman,* 939 N.E.2d 1087, 1091 (Ill. 2010). Separate and apart from these errors, the punitive damages instruction was flawed because it included Aarons' financial condition as a factor the jury could consider in determining whether Aarons actions could be considered reprehensible for purposes of punitive damages. *See Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 677 (7th Cir. 2003) ("A defendant's wealth is not sufficient basis for awarding punitive damages."). For each of these (and other) reasons, Aarons is entitled, at the very least, to a new trial as to punitive damages.
- As to the negligent supervision claim, punitive damages awarded were against the great weight of the evidence and excessive as a matter of law under both Illinois common law and federal Constitutional standards. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427 (2003); *Turner v. Firstar Bank, N.A.*, 845 N.E.2d 816, 826 (Ill. App. Ct. 2006). A new trial, or, at the very least, a substantial remittitur as to the punitive damages award, is required.

13744469v.5

- Last, the jury inconsistently did not award any punitive damages against Moore, but awarded $30,000,000 in punitive damages against Aarons under Count V and an additional $50,000,000 in punitive damages against Aarons under Count XII.

5.  The compensatory damages award on the negligent supervision and intentional infliction of emotional distress claims cannot stand because it is against the great weight of the evidence and excessive.

- The compensatory damages award for negligent supervision and intentional infliction of emotional distress award is against the great weight of the evidence. First, the categories of compensatory damages were duplicative. More fundamentally, no evidence at all was submitted to support certain categories of damages, including pain and suffering and loss of enjoyment of life. For example, Plaintiff failed to introduce any evidence that she suffered a physical injury, which is required to be awarded pain and suffering damages. *See Carter v. Azaran*, 774 N.E.2d 400, 411 (Ill. App. Ct. 2002).

- Moreover, the compensatory damages award for negligent supervision and intentional infliction of emotional distress against Aarons is excessive. The award against Aarons overwhelmed the award against Moore by a factor of nearly 10. As a matter of law, the amount awarded against Aarons cannot be larger than the award against Moore for the same underlying injury. Therefore, the award against Aarons is excessive. *Gant v. L.U. Transport Inc.*, 770 N.E.2d 1155, 1160 (Ill. App. Ct. 2002).

WHEREFORE, Defendant Aarons Rents, Inc. respectfully requests that the Court vacate the judgment and order a new trial on Alford's negligent supervision, intentional infliction of emotional distress, and Title VII sexual harassment claims, as well as to punitive damages. In

13744469v.5

the alternative, Aaron Rents requests that the Court independently reduce the excessive

compensatory and punitive damages awards through remittitur.

**DATED: September 20, 2011**                    SIGNED:

Camille A. Olson
Richard B. Lapp
Seyfarth Shaw LLP
131 South Dearborn Street                    By____s/Camille A. Olson_____
Suite 2400                                              Camille A. Olson
Chicago, Illinois  60603
(312) 460-5000
Attorneys for Defendant Aaron Rents, Inc.,
d/b/a Aaron Sales and Lease Ownership

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ALFORD,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>AARON RENTS, INC., d/b/a, AARON SALES AND LEASE OWNERSHIP; RICHARD MOORE; and BRAD MARTIN,<br><br>    Defendants. | CIVIL ACTION NO.<br>3:08-cv-00683-MJR-DGW |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2011, I electronically filed the foregoing **DEFENDANT AARON RENTS, INC.'S RULE 59 MOTION FOR NEW TRIAL ON LIABILITY AND DAMAGES AND ALTERNATIVE MOTION FOR REMITTITUR** with the Clerk of Court using the CM/ECF system, which will automatically send notification to:

> Judy L. Cates
> David I. Cates
> Benedict Morelli
> David Ratner
> Martha McBrayer
> Greg E. Roosevelt

>     s/ Camille A. Olson
> Camille A. Olson
> Illinois Bar. No. 6191835
> colson@seyfarth.com

SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603-5577
(312) 460-5000

6

13744469v.5